**SAMUELS, Appellant, v. UNITED STATES HOLDING COMPANY, et al., Appellees.**

Ohio Appeals, First District, Hamilton County

No. 6504. Decided May 7, 1945.

Julius R. Samuels, Cincinnati, and Eli J. Frankenstein, Cincinnati, for appellant.

Paxton & Seasongood, Cincinnati, and Cohen, Hurtig & Cohen, for appellees.

## OPINION

By MATTHEWS, J.

The trial court sustained the motion of the defendant, The United States Holding Company, for judgment of dismissal at the close of the plaintiff's opening statement, and this appeal on law only is from that judgment. The other two defendants had been dismissed theretofore and the validity of such dismissals is not under review in this proceeding.

The opening statement is an elaboration of the allegations of the petition and it may be epitomized as follows:—

The sole basis of the plaintiff's rights, which he seeks to have protected, is his ownership of 106 & 12/13ths shares of the stock of The United States Holding Company, a corporation under the laws of Ohio, out of a total of 232,000 issued and outstanding shares.

It appears that The United States Holding Company was organized in 1923 under the name of The United States Shoe Company, to succeed to the business of five or six shoe manufacturing companies. Shortly after its organization, it encountered financial difficulties. As a result, it discontinued manufacturing shoes. The United States Shoe Corporation

was organized with an authorized capital stock of 9000 shares. In consideration of the transfer by The United States Shoe Company of part of its assets, The United States Shoe Corporation issued 4410 shares of its stock to The United States Shoe Company. As the assets transferred constituted that which was used in manufacturing, The United States Shoe Company from that time was engaged in administering its assets and in holding the stock of The United States Shoe Corporation which it had received, and in paying its debts of more than a $1,000,000.00, as it was able to do so through the liquidation of its assets. It was at that time that its name was changed to more nearly describe its purpose, and, perhaps its authorized purpose was also enlarged. There was also some change in the stock structure to conform to which the stockholders surrendered their preferred and common stock and received in lieu common stock only. The plaintiff surrendered his original stock and received the stock which is the basis of the right which he seeks to assert herein.

Nothing is alleged that in any way challenges the validity of the original transaction between The United States Shoe Company and The United States Shoe Corporation, whereby the latter acquired certain assets of the former in consideration of the issuance of the stock to it.

The plaintiff's complaint is that The United States Holding Company has refused, notwithstanding repeated importunities, to:

(1) Wind up its affairs, basing its refusal on the unsound ground that it would cause income tax problems, whereas, as a matter of fact and law, the continuance of The United States Holding Company increases the amount of the tax, particularly to minority stockholders;

(2) That there is an interlocking directorate of the two corporations:

(3) That by refusal of The United States Holding Company to distribute to its stockholders their proportionate share of the 4410 shares of The United States Shoe Corporation owned by it, the stockholders are deprived of voting rights in the meetings of stockholders of The United States Shoe Corporation, and also of its greater market value and salability, and that the refusal to distribute the stock is based upon the desire of The United States Holding Company to retain the voting power and thereby perpetuate those in office for whom they vote;

(4) That The United States Holding Company by not dissolving has dissipated assets in the years from 1940, 1941, 1942, 1943, and 1944, by paying taxes of $44,722.14, legal ser-

vices $22,069.90, and office expenses, etc., making a total of about $90,000.00 in the administration of assets alleged to be of a value of more than $3,000,000.00.

The plaintiff alleged that The United States Holding Company was a trustee and that its conduct was in violation of its duty as a trustee.

The plaintiff prayed that The United States Holding Company be declared to be a trustee for its stockholders, that an accounting be ordered, and a judgment rendered on such accounting, that The United States Holding Company be ordered to distribute all of its assets to its stockholders, that a receiver be appointed, and for all other relief to which he is entitled.

The plaintiff sued on behalf of himself and all others similarly situated.

(1). In his petition and opening statement, the plaintiff asserts that The United States Holding Company is a trustee and that he is entitled to a judgment declaring his rights against such trustee. There is no factual allegation from which the legal conclusion can be drawn that any other relation exists than that of corporation and stockholder. The entire title, both legal and equitable to the assets were and are in the corporation. The plaintiff has rights as a stockholder, but he has no title of any sort to any of the assets of the corporation. There is no allegation that the whole title had to be dissolved into its legal and equitable elements and that the corporation was the owner of the legal title and the stockholder was the owner of the equitable title. The facts pleaded show just the contrary and the allegation that The United States Holding Company is a trustee is no more than an erroneous conclusion of law which must be disregarded.

The plaintiff relies on **Harter Holding Company v Mc-Culloch, 69 Oh Ap 203,** and **Schuster v North American Mortgage Loan Company, 139 Oh St 315,** as supporting his position that The United States Holding Company was and is a trustee. We do not think they do so. The facts are entirely dissimilar. In those cases the parties deliberately created a trust relationship between the corporations and the holders of certificates of participation. The holders of certificates of participation were not stockholders of the corporations. In contrast, in the case at bar the parties saw fit to create the relation of corporation and stockholder. Only by a disregard of the plain meaning of what the parties did can any other relation be brought into existence. That the Court is not privileged to do.

So we hold that the plaintiff showed no right to relief based on the contention that the relation of trustee and cestui que trust existed between him and The United States Holding Company.

(2) The plaintiff contends that even though it be found that he has disclosed no relationship other than that of stockholder and corporation, he is entitled to relief.

Undoubtedly, a stockholder may be entitled to relief against the corporation, and whether he is entitled, and to what extent and nature, always depends upon the facts pleaded and proven. But the question here is whether the plaintiff has pleaded and offered to prove a case for relief.

The principal complaint is that The United States Holding Company has not wound up its affairs, distributed its assets and dissolved. Treating the relation as that of trustee and cestui que trust, the plaintiff has alleged facts that show that the trustee has performed all the active duties imposed upon it and is now the trustee of a passive trust which the cestui would be entitled to have ended. But, as we have shown, that relationship doesn't exist. As already stated, the plaintiff is a stockholder and unless he has shown a violation of his rights as such, or a dispute as to such rights, and complies with the requirements for a stockholder's action, he has no cause of action.

Under Ohio law, the affairs of an Ohio corporation for profit, such as The United States Holding Company, are conducted by the board of directors elected by the stockholders. Its purposes are set forth in its articles of incorporation and within those purposes the honest discretion of the directors cannot be controlled by the stockholders. Their remedy is to elect other directors who will administer in harmony with their views.

We do not know, except very generally, the purposes and powers of The United States Holding Company, as stated in its articles of incorporation. We do not know that it was created for a limited period only. We do not know the powers of the board of directors, because they would be determined by the corporate purpose, which we do not know. In the petition, it is alleged that the sole function of The United States Holding Company is to carry out the objects set forth. That is alleged as a conclusion without any pleaded facts to support it, and the opening statement makes it clear that the conclusion is based on the assumption that the relation of trustee and cestui existed.

In such a situation, failure of the directors to heed the

wish of a stockholder cannot be regarded as a breach of duty on their part, or a violation of the rights of the stockholder.

An analysis of the opening statement leads to the conclusion that the plaintiff's complaint as to specific acts of the directors results not because they were wrong per se and a violation of his rights, but only became so because of their failure to distribute the assets of The United States Holding Company. As there is no showing that the failure to distribute violated any duty the specific acts in the continued administration of the corporate affairs become innocuous. Standing apart, there is nothing asserted which would indicate any wrongful act.

And if any wrong is indicated it is a wrong of its officers against The United States Holding Company. Such officers are not parties to this action and would not be bound by the judgment. Furthermore, this is not a derivative action asserting a right on behalf of the corporation.

(3) But it is said that this is an action for a declaratory judgment, and that no matter what view the Court might take on the merits of the plaintiff's contention, he is entitled to a declaration of rights.

This is an action for a declaratory judgment only in the sense that every action seeking immediate relief involves a finding of law as well as of fact. What the plaintiff seeks is a distribution of assets at once—not a declaration of rights to control future action. Under such circumstances it would seem that a dismissal of the action upon the opening statement would be a sufficient declaration that on the merits he had shown no cause of action.

Assuming, however, that the case can be classified as one for a declaratory judgment in the strict sense, the Court is not bound under all circumstances to make a declaration. In **Walker v Walker, 132 Oh St 137, the Court at 139 said:**

"The declaratory judgment act is a salutary, remedial measure and should be liberally contrued and applied, but, as in the instant case it does not require a court to render a futile judgment that 'would not terminate' any 'uncertainty or controversy' whatsoever. Under the circumstances here present it was proper for the trial court to dismiss the plaintiff's petition."

In 10 Am. Jur., 287, it is stated:

"It is generally considered that the jurisdiction to render a declaratory judgment is discretionary in character."

And at page 288:

"In general, the courts refuse to grant declaratory judgments unless it appears that such a judgment will fulfil the purpose of the declaratory judgments acts by being of some practical help in ending the controversy or stabilizing disputed legal relations."

See, also: **Schaefer v First National Bank, 134 Oh St 511.**
The dismissal upon the opening statement was a declaration that the plaintiff has no cause of action for relief upon any theory of law applied to the facts. And as to a finding or declaration on the subject of trust relationship, the petition does not allege such a relationship. As to the relation of stockholder and corporation, that status was never in dispute. Not only was it admitted, but it was also found by the Court. Under such circumstances, a declaratory judgment could be no more specific or efficacious than the Corporation Code itself.
We find no error in the record, prejudicial to the plaintiff and the judgment is, therefore, affirmed.

HILDEBRANT, P. J., MATTHEWS & ROSS, JJ., concur in syllabi, opinion & judgment.