**ALF, Plaintiff-Appellant, v HUNSICKER, Defendant-Appellee.**

Ohio Appeals, First District, Hamilton County.

No. 6774.   Decided May 5, 1947.

Eli G. Frankenstein, Cincinnati, for plaintiff-appellant.
Carson Hoy and C. Watson Hover, Cincinnati, for defend-
ant-appellee.

## OPINION

By MATTHEWS, PJ.:

The plaintiff was a deputy clerk in the office of the Clerk of Courts of Hamilton County under appointment by the defendant, acting under authority conferred upon him by §2871 GC, by which it is provided that: "The clerk may appoint one or more deputies to be approved by the court of common pleas if in session." His appointment was approved by the court of common pleas.

The plaintiff alleged in his petition that the defendant discharged him for the ostensible reason that he, the plaintiff had become dissatisfied with his position and his pay, had been hostile and non-cooperative and inattentive to duty, whereas the actual reason, in accordance with prior notice given to him by the defendant, was that he had become a member of a labor union; and, that in discharging him the defendant did not obtain or seek the approval of the court of common pleas.

The plaintiff alleged that his discharge violated both §2871 GC, in that it was without the approval of the court of common pleas, and §6241-1 GC, which renders void every undertaking or promise between any individual, firm, company, association, or corporation and any employee or prospective employee, not to join or to withdraw from a labor organization.

The plaintiff prayed in his petition for a declaratory judgment setting forth the rights, duties, and obligations, for a finding that he was entitled to a full hearing before impartial judges constituting a joint session of the court of common pleas to determine whether his discharge was for good cause, for a declaration that membership in a labor union was not a valid basis for a discharge and that the defendant was without power under §6241-1 GC, to discharge him for said reason, and "Further plaintiff prays —— for re-instatement to his former position and for such other relief as the court may deem proper in the premises. Further that the court may make such further order either by injunction or otherwise as the court may deem necessary to make the declaration of this court effective."

The defendant filed an answer alleging various defenses, to which the plaintiff replied.

The defendant then filed a motion for judgment on the pleadings. This motion was sustained. The court then coming to enter judgment "ordered, adjudged, and decreed that a judgment be entered in favor of the defendant, that the

petition of the plaintiff be dismissed and that the costs of the within action be awarded against the plaintiff."

This appeal is from that judgment.

The motion for judgment was considered by the trial court as raising the same issues as would a general demurrer. **31 O. Jur., 876, et seq.** We so consider it. The legal effect of sustaining the motion was a finding that the petition failed to state a cause of action. And the judgment that followed "is a judgment on the merits, and when sustained in favor of the one who makes the motion, results in a final judgment in his favor." Id., at page 884.

By §9 GC, it is enacted that "A deputy, when duly qualified, may perform all and singular the duties of his principal. A deputy or clerk appointed in pursuance of law, shall hold the appointment only during the pleasure of the officer appointing him."

It is admitted that §9 GC, has never been expressly repealed. It is urged, however, that §2871 GC, and §6241-1 GC, are inconsistent with it, and operate to repeal it by implication. The members of this Court are unanimous in the opinion that neither of these sections conflict in any way with Section 9. **Sec. 2871 GC,** relates to the manner of appointment of deputies, and has nothing to do with the manner of their discharge. **Sec. 6241-1 GC,** relates to contracts of hiring or employment by "any individual, firm, company, association, or corporation." It has no relation to appointment or discharge of deputies by public officials.

There can be no question, therefore, that the defendant as clerk was given the power to end the plaintiff's tenure as his deputy, without assigning any reason therefor. The fact that he assigned reasons does not qualify the act of terminating plaintiff's tenure. We are agreed upon that also.

But the plaintiff urges that his action is for a declaratory judgment, and that, therefore, he is entitled, regardless of all other considerations, to a judgment in which is set forth expressly and in detail a finding by the court of the rights, duties, obligations of the parties. The majority of the court does not follow the plaintiff in this contention. We believe that position would be sound in a case in which no affirmative relief is prayed for or could be granted, and the declaration is desired against the time when a cause of action for affirmative relief would accrue, or in a case where the only relief sought or which in any event at any time could be granted, is a judgment declaring rights, such as, an action to remove a cloud from title; but this is not such an action.

Whatever relief to which the plaintiff will ever be entitled, he was fully entitled to at the time this action was filed, and he filed his action in a court having jurisdiction to grant him that ultimate relief, and he prayed for it. The finding or declaration of his rights was of significance only as forming a predicate for the affirmative relief sought, that is, re-instatement as a deputy clerk. Now, instead of encumbering the record with a detailed finding as to each asserted right, the court made the general finding that he had none of the rights asserted by him, and refused him the affirmative relief for which he had prayed. Having reached the conclusion that he was not entitled to re-instatement as a deputy clerk, a detailed finding of asserted rights would serve no purpose and would have been a declaration upon a moot issue, which was not intended by the declaratory judgment act.

We have been required to construe and apply the Declaratory Judgment Act (§12102-1, et seq GC) in several cases. We refer to two—**Bruckman v The Bruckman Co., 60 Oh Ap, 361,** and **Samuels v The United States Holding Co., 76 Oh Ap, 163.** In the former, we reversed a judgment for defendant entered on sustaining a demurrer to the petition, and in the latter we affirmed a judgment for plaintiff entered upon a motion for judgment at close of plaintiff's opening statement. The only finding in both judgments was a general one on the issues in favor of the party for whom judgment was rendered. The reason for the difference in the result is found in the issues raised in the cases. The Bruckman case was by a dissenting stockholder and raised the question of his rights upon an amendment of the articles of incorporation under §8623-72 GC. If the corporation had complied with all the provisions relating to amendments of the articles of incorporation, it was entitled to proceed. If the amendment was such as to give the plaintiff as a stockholder the option to insist on their fair cash value, then to avail himself of that option, it was necessary for him to comply with all the conditions imposed by law. The statute provided a special procedure for fixing the value of the stock in the event of disagreement. Furthermore, the corporation could withdraw from the program and thus terminate the right of the dissenting stockholder to have the fair cash value of his stock. It can be seen from this, that the facts in that case called for a declaration of rights, because the rights of the parties had not become definitely fixed at the time.

A different situation existed in Samuels v The United States Holding Company, supra. In that case the plaintiff stockholder sought to require a liquidation of a corporation's affairs

contrary to the desires of its board of directors. There was no conceivable future purpose to be served by entering a judgment, detailing the rights and duties growing out of the relation existing between a stockholder and a corporation and its directors. Accordingly, we held that a general finding was sufficient. What we said there, we think pertinent here, and, therefore, quote it:

"But it is said that this is an action for a declaratory judgment, and that no matter what view the court might take on the merits of the plaintiff's contention, he is entitled to a declaration of rights.

"This is an action for a declaratory judgment only in the sense that every action seeking immediate relief involves a finding of law as well as of fact. What the plaintiff seeks is a distribution of assets at once—not a declaration of rights to control future action. Under such circumstances it would seem that a dismissal of the action upon the opening statement would be a sufficient declaration that on the merits he has shown no cause of action.

"Assuming, however, that the case can be classified as one for a declaratory judgment in the strict sense, the court is not bound under all circumstances to make a declaration. In **Walker v Walker, 132 Oh St, 137,** 5 N. E. (2d), 405, the court, at page 139 said:

" 'The declaratory judgment act is a salutary, remedial measure and should be liberally construed and applied, but, as in the instant case it does not require a court to render a futile judgment that 'would not terminate' any 'uncertainty or controversy' whatsoever. Under the circumstances here present it was proper for the trial court to dismiss the plaintiff's petition.'

"In 16 American Jurisprudence, 287, Section 14, it is stated:

" 'It is generally considered that the jurisdiction to render a declaratory judgment is discretionary in character.'

"And at page 288:

" 'In general, the courts refuse to grant declaratory judgments unless it appears that such a judgment will fulfill the purpose of the declaratory judgments act by being of some practical help in ending the controversy or stabilizing disputed legal relations.'

"See, also, **Schaefer v First National Bank of Findlay, 134 Oh St., 511,** 18 N. E. (2d), 263.

"The dismissal upon the opening statement was a declaration that the plaintiff has no cause of action for relief upon any theory of law applied to the facts. And as to a finding or

declaration on the subject of trust relationship, the petition does not allege such a relationship. As to the relation of share-holder and corporation, that status was never in dispute. Not only was it admitted, but it was also found by the court. Under such circumstances, a declaratory judgment could be no more specific or efficacious than the Corporation Code itself."

It should be said in conclusion that as the pleadings allege no accrued or inchoate cause of action for other relief, no possible prejudice could result to the plaintiff from failure to make an express affirmative declaration of rights, duties, and status in relation to the situation portrayed in the pleadings. This Court is only justified in reversing a judgment for prejudicial error.

For the foregoing reasons, the judgment is affirmed.

MATTHEWS, PJ, & HILDEBRANT, J, concur in syllabus, opinion & judgment.

ROSS, J, dissents in separate memorandum, but concurs in the 1st and 4th paragraphs of the syllabus.

ROSS, J. (Dissenting):

I feel impelled to register a dissent in this case, because I am convinced that the practice followed in the instant case results in a complete abrogation of the benefits conferred by the Declaratory Judgment Act. As will be developed herein-after, it is my opinion that dismissing a petition, seeking a declaration of rights and status is—(1) not a declaration of such rights and status, (2) a refusal upon the part of the court to comply with the provisions of the Declaratory Judgment Act.

The plaintiff knows no more as to his rights and status after such dismissal than he did before filing his petition. It does not appear that the Court was exercising the discretion permitted by the Act. On the contrary, judging from the opinion, it appears that the Court in dismissing the petition was laboring under the impression that the judgment was entered in compliance with the provisions of the Act. My opinion is that it did not so comply.

The Common Pleas Court entered the following final judgment:

"This cause came on to be heard upon the petition and reply of the plaintiff, the answer of the defendant and the motion of the defendant for a judgment on the pleadings and was thereupon briefed and argued by counsel and submitted to the Court.

"Upon consideration of the same the court finds said motion to be well taken and orders that the same be and it hereby is sustained.

"Coming now to enter judgment upon said motion it is hereby ordered, adjudged and decreed that a judgment be entered in favor of the defendant, that the petition of the plaintiff be dismissed and that the costs of within action be awarded against the plaintiff."

The court made no other finding. It filed a written opinion which appears among the original papers transmitted to this court, but such opinion was not filed with the clerk for journalization.

In such opinion the court considered fully the respective claims of the parties set up in the petition, answer, and reply.

Upon the defendant's motion for judgment on the pleadings—(1) the facts properly pleaded in the petition are to be taken as true, (2) facts in the answer favorable to plaintiff and not denied are to be taken as true, (3) facts properly alleged in the reply are to be taken as true, **Williams v Village of Deer Park, 78 Oh Ap, 231,**—the plaintiff is entitled to all reasonable inferences to be drawn from such facts. **Guardian Life Ins. Co. v Veser, 128 Oh St, 200; Parletto v Industrial Commission of Ohio, 140 Oh St, 12.**

And the plaintiff under such pleading of facts is entitled to any relief to which such facts show him entitled. **Triff Admx. v National Bronze & Aluminum Foundry Co., 135 Oh St, 191; State, ex rel. v Beamer, et al., 109 Oh St, 133, 150; Schaefer v First National Bank, 134 Oh St, 511, 520.**

The effect of the judgment quoted is to deny that the plaintiff is entitled to any relief of any kind upon the properly pleaded facts. His petition was dismissed.

The trial court in its opinion stated:

"It should be noted at this point, of course, that plaintiff's repeated allegation of the existence of a controversy for various named reasons is necessary to entitle him to the declaratory judgment prayed for. However, it is also necessary in order to support a declaratory judgment that a justiciable issue exists. The absence of such an issue will be shown below."

From the relevant and properly pleaded facts which the defendant must admit by his motion, it appears that the plaintiff was appointed a deputy clerk by the defendant, that such appointment was approved by the Court of Common Pleas of

Hamilton County, and that for some time plaintiff held such position, that he was discharged by the defendant, that such action was not approved by the Court of Common Pleas of Hamilton County.

There are many other allegations which are either irrelevant and immaterial or are mere allegations of law or conclusions of law, among which is an attempt to state alleged factual reason for the discharge of plaintiff.

The controversy developing upon the argument of the motion centers around the applicability of §9 GC, §2871 GC, and possibly the application of §6241-1 GC.

Essentially, the question presented by the facts properly pleaded to the trial court was whether the defendant had a right to discharge the plaintiff at his pleasure, or was required to have certain reasons therefor, or seek the approval of the Court of Common Pleas, or give the plaintiff the benefit of a trial, and if so required, did he comply with the law?

Certainly, the facts do present a situation in which the plaintiff may justly claim that there exists an element of uncertainty involving the lawfulness of his discharge as a deputy clerk. Even if such discharge may seem clearly lawful or unlawful, still the plaintiff was entitled to a declaration of his status and rights. In its opinion the trial court definitely stated such status. Whether it was correct or not, is not before this Court, because instead of carrying its finding and declaration into the final judgment entry, it dismissed the plaintiff's petition and rendered judgment for the defendant without in any way giving plaintiff any information as to its conclusion upon the problem properly presented.

The simple question presented to **this** Court is whether such judgment complies with the rights accorded plaintiff under the provisions of §12102-1 **et seq.**, GC.

This Court cannot now be concerned with the conclusions of the trial court expressed in its opinon. The court speaks only through its journal (**Squire, Supt. of Banks, v Guardian Trust Co., 144 Oh St, 266**) and there is no declaration of the status and rights of the plaintiff upon the journal of the Court of Common Pleas. Reference to the opinion has only been made to show what was in the mind of the court in rendering its judgment.

Paragraph 2 of the syllabus in **Coshocton Real Estate Co. v Smith, 147 Oh St, 45,** is:

"Under the provisions of §12102-1 GC, courts of record within their respective jurisdictions shall have power to declare

rights, status, and other legal relations irrespective of whether further relief is or could be claimed."

And, at page 48 of the opinion, it is stated:

"In the first section jurisdiction is conferred 'to declare rights, status, and other legal relations.' This is precisely the relief asked by the plaintiff."

In the Smith case "rights and status" under a lease was sought to be determined. In the instant case the "rights and status" of the plaintiff under the sections of the Code mentioned herein are sought to be determined. This right is given plaintiff by §12102-2 GC.

The trial court refused to declare the status of plaintiff under the statutes involved, and in doing so denied the plaintiff relief to which he was entitled under the Declaratory Judgment Act, and committed error prejudicial to plaintiff.

The defendant seeks to sustain the action of the trial court in dismissing the petition of plaintiff upon the ground that it had no jurisdiction over the subject-matter of the action; the defendant's theory being that because §9 GC, gives the Clerk of Courts power to discharge a deputy at his pleasure, the Court of Common Pleas has no jurisdiction to declare plaintiff's rights in the matter. This is just what the plaintiff had a right to have declared, if it properly defines his status. Certainly, the Court of Common Pleas being a court of general jurisdiction has jurisdiction of the subject-matter of a declaratory judgment and of the status of the plaintiff as a deputy clerk, which is the subject of this action. **Baltimore & Ohio Rd. Co. v Hollenberger, 76 Oh St, 177.** It may have no right under the law to interfere with the discharge of the deputy by the Clerk, but, certainly, it has jurisdiction, and under the provisions of §§12102-1 et seq., GC, may be required to say whether such discharge is lawful or unlawful.

Certainly, it cannot be successfully urged that a declaration by the trial court in the instant matter that the Clerk, at his pleasure, had or had not the right to discharge the plaintiff deputy, would be an exercise of jurisdiction it did not possess.