**WASSERMAN et, v. WEST INDIA COFFEE CO. et.**

Common Pleas Court, Hamilton County.

No. 117334.   Decided March 14, 1951.

Deibel, Elbrecht & Roberts, Cleveland, for plaintiffs.
Spangenberg & Spangenberg, Albert C. Keeler, Cincinnati, for defendants West India Coffee Co., and Augusta Wasserman.

## OPINION

By BADER, J.

This cause comes before the Court on the separate demurrers of Augusta Wasserman, individually and as Executrix of the Estate of Isadore Wasserman, deceased, the West India Coffee Co. to the Fourth Amended Petition and the interrogatories attached thereto. The demurrers of the parties are similar and set forth the same grounds.

The grounds set forth in the demurrer to the interrogatories are as follows:

"First. That the information sought by the interrogatories is not pertinent or relevant to any issue raised in any of the alleged causes of action contained in the Fourth Amended Petition herein.

"Second. That the interrogatories do not call for information within the personal knowledge of this defendant, Augusta

Wasserman, individually and as executrix of the estate of Isadore Wasserman, deceased, but attempt to elicit hearsay information.

"Third. That the attached interrogatories have not been propounded in good faith, are vexatious and are intended to harass this defendant, and that the information requested in said interrogatories has already been sought by a deposition proceeding wherein the same or similar questions were propounded as against this defendant."

The grounds set forth in the demurrer to the petition are as follows:

"First. That the plaintiffs above named do not have legal capacity to sue.

"Second. Misjoinder of parties defendant.

"Third. That several causes of action against several defendants are improperly joined.

"Fourth. That the instant action was not brought within the time limited for commencement of such actions.

"Fifth. That the said first, second and third alleged causes of action do not show facts sufficient to constitute a cause of action against this defendant."

Sec. 12102-2 GC provides: "Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder."

If plaintiffs bring their action for a declaratory judgment it is done by virtue of the authority of the foregoing statute.

Borchard, Declaratory Judgments, Second Edition, on pages 25 and 26 says: "At the outset, it may be remarked that in form it differs in no essential respect from any other action, except that the prayer for relief does not seek execution or performance from the defendant or opposing party. It seeks only a final determination, adjudication, ruling, or judgment from the court, but the conditions of the usual action procedural and substantive, must always be present, namely, the competence or jurisdiction of the court over parties and subject-matter, the capacity of the parties to sue and be sued, the adoption of the usual forms for conducting, judicial proceedings (including process, pleadings, and evidence), the existence of operative facts justifying the judicial declaration of the legal consequences, the assertion against an interested party of rights capable of judicial protection, and a

sufficient legal interest in the moving party to entitle him to invoke a judgment in his behalf."

In the case of **Driskill v. City of Cincinnati, 66 Oh Ap 372, 34 N. E. 2d 241,** the Court said:

"1. A petition for a declaratory judgment is not sufficient against demurrer if there is not alleged facts which would give rise to a right-duty relation between the parties; which relationship is in dispute and which places the plaintiff in a position of peril or insecurity.

"2. A declaratory judgment can be rendered only in cases where there is a real controversy between adverse parties in a matter which presents a justiciable dispute."

**Sec. 12102-11 GC** provides in part as follows: "When declaratory relief is sought all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding."

In the case of **Schriber Sheet Metal & Roofers, Inc. v. Shook, 64 Oh Ap 276, 28 N. E. 2d 699,** the Court held: Syl. 4. "**Sec. 12102-11 GC,** which provides that in an action for declaratory judgment 'all persons shall be made parties who have or claim any interest which would be affected by the declaration,' allows joinder only of those persons legally affected and does not enlarge the procedure as to joinder of parties defendant."

See also **Alf v. Hunsicker, 82 Oh Ap 197, Syl. 3, 80 N. E. 2d 511.**

An examination of plaintiffs' Fourth Amended Petition for Declaratory Judgment fails to reveal a cause of action against either the West India Coffee Company or Augusta Wasserman, individually or as "Executrix of the Estate of Isadore Wasserman, deceased."

The only allegations made concerning the West India Coffee Company are that it is a corporation, and that it was the result of the incorporation of Samuel Wasserman's business, formerly carried on by him, and that ninety-eight shares of the stock was placed in escrow prior to his death to be distributed after his death in a certain designated manner.

How can the corporation in which the decedent held stock during his lifetime successfully be made a party defendant to an action, merely because he owned its stock, with no other further facts stating a cause of action being alleged?

Borchard, 2nd Ed. of Declaratory Judgments, pp. 41 and 42 said: "Where the controversy not genuine or ripe for judicial decision, with a plaintiff and defendant having actually or potentially opposing interests, with a res or other legal

interest definitely affected by the judgment rendered and the judgment a final determination of the issue, it would fail to present a justiciable dispute—not because it seeks a declaratory judgment, but because it lacks the elements essential to invoke any judgment from judicial courts."

In the case of **Schaefer v. First National Bank, 134 Oh St 511,** at **page 518,** 18 N. E. 2d 263, at page 267, speaking of the Uniform Declaratory Judgments Act, the Court said: "But it is certainly alternative in the sense that it lies notwithstanding another remedy is available, in all those cases in which there is a real controversy between adverse parties in a matter that is justiciable and the court, in the exercise of a sound discretion, finds that speedy relief is necessary to the preservation of rights which might otherwise be impaired or lost."

It has been held by some authorities that in an action for declaratory judgment it is not necessary to separately state and number because "there is no misjoinder of causes of action or separate causes of action against several defendants" —because "there is only one cause of action which is for a declaratory judgment."

The alleged causes of action are set forth in plaintiffs' Fourth Amended Petition. A search of the three causes of action fails at any point to set forth an "actual controversy" or a cause of action which is necessary to comply with the law of pleadings for a declaratory judgment as explained hereinabove.

The defendant, The West India Coffee Company, certainly has no interest in the stock formerly owned by Samuel Wasserman unless it purchased the stock, nor does it have any interest in the escrow agreement. If there were any claims against The West India Coffee Company on the part of the plaintiffs they certainly would be different than those which could be alleged by the plaintiffs against Augusta Wasserman, individually and as "Executrix of the Estate of Isadore Wasserman, deceased."

It is alleged in plaintiff's petition that both the Estate of Samuel Wasserman and Isadore Wasserman are in process of administration in the Probate Court of Hamilton County. Certainly if there is an action to produce concealed assets it would not be brought in the Common Pleas Court if the Estate is in process of administration in the Probate Court.

It appears to the Court that the subject-matter of this case has to do with two estates in process of administration in the Probate Court of Hamilton County, Ohio, and any action

concerning concealed assets, or assets not accounted for, or having to do with escrow agreements of the two decedents or trust agreements comes within the jurisdiction of the Probate Court and not the Common Pleas Court.

Accordingly the demurrers of the defendants, The West India Coffee Company and Augusta Wasserman, individually and as Executrix of the Estate of Isadore Wasserman deceased, to plaintiffs' petition are sustained for the reasons that there is a misjoinder of parties defendant, that the petition does not set forth facts sufficient to constitute a cause of action, and that the Court does not have jurisdiction of the subject-matter.

It appears to the Court that the interrogatories addressed to The West India Coffee Company and to Augusta Wasserman are not needed by the plaintiffs to properly plead their case, nor does it appear that they are pertinent, relevant or proper and for that reason the demurrers to the same are sustained.

Please present your entry sustaining the demurrers for the reasons set forth above at your earliest convenience. Plaintiffs may have twenty days within which to plead further if they so desire.