GREEN ET AL., APPELLANTS, *v.* RYAN, JR., ET AL., APPELLEES.
GREEN ET AL., APPELLEES, *v.* RYAN, JR., ET AL., APPELLEES; BOARD OF DIRECTORS OF THE UNIVERSITY OF CINCINNATI, APPELLANT.

(Nos. 7780 and 7782—Decided November 2, 1953.)

*Mr. Robert Adair Black* and *Mr. Oliver M. Dock,* for James Albert Green and others.

*Mr. C. Watson Hover,* for the Board of Trustees of Public Library.

*Mr. Leo J. Brumleve, Jr.,* for Walter A. Ryan, Jr., and Roland P. Ryan, trustees.

*Messrs. Waite, Schindel & Bayless,* for Ohio Mechanics Institute.

*Mr. Henry M. Bruestle,* city solicitor, and *Mr. Maurice M. Jacobs,* for Board of Directors of the University of Cincinnati.

MATTHEWS, P. J. The Court of Common Pleas sustained a demurrer to the petition and, the plaintiffs not desiring to plead further, the court entered judgment dismissing the "petition of the plaintiffs and amended prayer thereto" and ordering that "the defendants, Walter A. Ryan, Jr., recover from the plaintiffs their costs herein incurred." As will appear later, it seems

that the name of Roland P. Ryan was omitted from this judgment for costs.

We do not find the demurrer among the papers, but are advised by counsel that the grounds of demurrer were that the court had no jurisdiction over the persons or subject matter and that no cause of action was alleged.

This appeal is from that judgment by the plaintiffs who constitute the Board of Trustees of the County Library District, Hamilton County, Ohio.

The petition to which the court sustained a demurrer discloses that Floris Armstrong Sackett died in 1911, leaving a will by which she created many trusts. This will was duly probated by the Probate Court of Hamilton County, and Walter A. Ryan, Sr., and Arthur R. Morgan were appointed executors and trustees. They duly administered the estate and under the order of the court delivered to themselves as trustees the securities constituting the corpus of the various trusts. They, as cotrustees, continued to administer the various trusts until the death of Arthur R. Morgan, and, thereafter, Walter A. Ryan, Sr., as sole trustee continued the administration of the trust until his death in 1947. After his death, the Probate Court appointed Walter A. Ryan, Jr., and Roland P. Ryan, as his successors, and they have continued to act as trustees to this date under the orders of said court.

The petition recited extensive allegations of maladministration, that the purposes of the trusts had been accomplished, that the trustees had no duties to perform, and that the trust should be terminated and the funds delivered to the beneficiaries. A copy of the will was attached to the petition and made a part thereof.

Based on these allegations the plaintiff prayed that the trusts "be declared to be free of all claims or in-

terest therein of said Walter A. Ryan, Jr., and Roland P. Ryan as trustees or otherwise''; that an accountant be appointed to examine the records to disclose excessive charges and deductions; that the trustees be required to account for all charges and deductions not authorized by the Probate Court; and that a temporary order be issued against the trustees restraining them from disbursing any funds belonging to the trusts, and for such other relief as may be proper.

It will be observed that there is no mention of a declaratory judgment in the prayer. The only mention of a declaratory judgment is found in the caption of the case, in which the petition is described as one ''for a declaratory judgment.'' It is true that the prayer is that it be ''declared'' that Walter A. Ryan, Jr., and Roland P. Ryan have no interest in the trust funds, but that is no more than a prayer for a finding as a predicate for the present affirmative relief thereafter prayed for.

In its opinion on the demurrer to this petition, the Common Pleas Court pointed out that if Walter A. Ryan, Jr., and Roland P. Ryan had been improperly appointed, or had improvidently administered the trusts, the exclusive remedy was in the Probate Court to secure their removal and an accounting of their trusteeship and the appointment of another trustee, and that the Common Pleas Court had no original jurisdiction over such matters.

The Common Pleas Court in its opinion then concluded that it did have jurisdiction to determine whether the trusts had reached the status where they should be terminated, and then proceeded to analyze the facts as disclosed by the petition and apply the law to those facts. After doing so, the court reached the conclusion that the trusts were charitable in their nature, that they were active, that the purpose of the trustor had not been fulfilled, that the trustees had ac-

tive duties to perform, and, finally, that no case was alleged for a decree terminating the trusts. The court, therefore, sustained the demurrer.

We agree with the Common Pleas Court that these trusts are active charitable trusts and that no cause of action to terminate them and deliver the trust funds to the beneficiaries is alleged. We also agree with the court's conclusion that the Common Pleas Court would have jurisdiction to decree their termination had a cause of action therefor been alleged.

By Section 2107.46, Revised Code (Section 10504-66, General Code), the Probate Court and the Common Pleas Court are given concurrent jurisdiction of actions for direction or judgment in any matter respecting a trust, estate, or property of a decedent. However, before anyone other than the fiduciary can maintain such an action, request in writing must be made upon him to institute the action and 30 days given for compliance. There is no allegation of demand having been made, but we assume that the failure to demur specifically on that ground constitutes a waiver.

We concur in the opinion of the trial court that the petition states no cause of action within the jurisdiction of the Common Pleas Court, unless the fact that the petition is described in the caption as one for a declaratory judgment requires a specific and detailed declaration of rights, even though no conceivable purpose now or at any time in the future would be subserved thereby.

In the first place, we are of the opinion that the prayer shows this petition is not an action for a declaratory judgment. It is an action for relief upon an alleged existing cause of action. No inchoate right is asserted requiring a declaration now, so that the rights of the parties will be settled against that time when, if ever, the inchoate right matures. At most, it prays for the construction of a testamentary trust to deter-

mine whether at the present time it is a passive or active trust, and whether there has been maladministration by the trustees, whose present right to administer the trust is challenged. It is our judgment that it is an action seeking present relief based on alleged matured existing rights. Had the petition alleged a cause of action within the jurisdiction of the court, the only appropriate judgment would have been the granting of the present relief without anything other than a general finding for the plaintiff in the absence of a request for a separate finding of facts and conclusions of law.

But assuming that this is an action for a declaratory judgment, and that such an action imposes an inexorable duty to make a declaration, we are of the opinion that the judgment in this case satisfies the requirement. Indeed, it is our view a bare dismissal upon the sustaining of a demurrer to a petition when plaintiff disclaims any intention to amend is a sufficient declaration of the rights. This question has been before this court on several prior occasions. The latest case is that of *Alf* v. *Hunsicker, Clerk,* 82 Ohio App., 197, 80 N. E. (2d), 511, in which no specific declaration of rights was made. In the opinion in that case, at pages 202 and 203, appears the following quotation from our opinion in *Samuels* v. *United States Holding Co.,* 76 Ohio App., 163, 63 N. E. (2d), 445:

''In 16 American Jurisprudence, 287, Section 14, it is stated:

'' 'It is generally considered that the jurisdiction to render a declaratory judgment is discretionary in character.'

''And at page 288:

'' 'In general, the courts refuse to grant declaratory judgments unless it appears that such a judgment will fulfil the purpose of the declaratory judgments acts, by being of some practical help in ending the con-

troversy or stabilizing disputed legal relations.'

"See, also, *Schaefer* v. *First National Bank of Findlay,* 134 Ohio St., 511, 18 N. E. (2d), 263.

"The dismissal upon the opening statement was a declaration that the plaintiff has no cause of action for relief upon any theory of law applied to the facts. And as to a finding or declaration on the subject of trust relationship, the petition does not allege such a relationship. As to the relation of shareholder and corporation, that status was never in dispute. Not only was it admitted, but it was also found by the court. Under such circumstances, a declaratory judgment could be no more specific or efficacious than the Corporation Code itself."

It is said further in the *Alf case*:

"It should be said in conclusion that as the pleadings allege no accrued or inchoate cause of action for other relief, no possible prejudice could result to the plaintiff from failure to make an express affirmative declaration of rights, duties, and status in relation to the situation portrayed in the pleadings."

It has been suggested that there is a contradiction in law, where the court in terms "dismisses" the action and in the same order purports to declare rights.

The word, "dismiss," is appropriate in a judgment upon the merits. In 14 Ohio Jurisprudence, 315, Section 2, it is said:

"The term 'dismissal,' 'dismissed,' is commonly used in the decree or order of the court in disposing of actions on demurrer and in sustaining defenses raised by way of plea or answer; and in equitable actions especially are these terms frequently used in the decree rendered."

For these reasons, the judgment is affirmed.

*Judgment affirmed.*

MATTHEWS, P. J., and HILDEBRANT, J., concur.

Ross, J., dissenting. An examination of the docket and journal entries shows that a petition was filed and a demurrer filed thereto by the appellees. Thereafter, an amended petition was filed and the transcript of the docket and journal entries shows no demurrer filed to such amended petition by appellees. No demurrer to such amended petition by appellees is found among the papers, nor is there any stipulation that the original demurrer shall apply to the amended petition. The opinion and judgment of the trial court indicate that such judgment is predicated upon a demurrer to the amended petition. It is, to say the least, doubtful if the validity presumed to attach to the judgment of a court may overcome this deficiency in the record. As far as the record before this court is concerned, it would seem, therefore, that the judgment is not appropriate to the pleadings.

The trial court in its opinion and *judgment* properly adjudged and declared the respective rights of the parties.

It had full jurisdiction as a Court of Chancery to do so under the Declaratory Judgment Act, Chapter 2721, Revised Code, and as an appropriate court collateral to the Probate Court. The fact that the trust was being administered in the Probate Court did not oust the Court of Common Pleas of jurisdiction to declare rights of parties interested in a will, no such proceeding having then been instituted in the Probate Court. *Kane* v. *Kane,* 146 Ohio St., 686, 67 N. E. (2d), 783, citing *Radaszewski* v. *Keating, Exrx.,* 141 Ohio St., 489, 49 N. E. (2d), 167. In the opinion, in the *Kane case*, at page 691, it is stated:

"It is to be observed that in the case just cited, the ancillary proceeding was instituted in the Probate Court. But since, in the instant case, no proceeding had been instituted or was pending in the Probate Court for determination of heirship, the plaintiff, un-

der the Uniform Declaratory Judgments Act, was within his legal rights to bring such a proceeding either in the Probate Court or in the Common Pleas Court as a court of general jurisdiction, both courts having concurrent jurisdiction in such matters." See, also, Section 2107.46, Revised Code.

It must be admitted that the prayer of the amended petition is inartistically drawn in that instead of simply asking for *a* construction, it requests a specific instruction.

In many cases the plaintiff in such a proceeding has a definite position upon what construction should be given by the court. His request, nevertheless, should be for *a* construction, not *his* construction. The fact that he inappropriately prays, however, for a definite construction, in the absence of some appropriate motion, should not militate against his right to a construction of the trust provisions in a will. Undoubtedly, chancery would have entertained such a request. Such jurisdiction was entertained in equity long before the Declaratory Judgments Act was considered. The fact that the relief afforded in chancery is incorporated in legislative enactment does not oust chancery of its jurisdiction as, for example, actions to quiet title, partition, etc.

Section 2721.02, Revised Code, provides:

"Courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding is open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect. Such declaration has the effect of a final judgment or decree."

It will be noticed that, "No action or proceeding is open to objection on the ground that a declaratory judgment or decree is prayed for." As a corollary it

is apparent that no objection may be maintained to a proceeding for a declaratory judgment because other affirmative relief is prayed for.

It is a well-established rule that the prayer is no part of the cause of action, and that if the plaintiff is entitled to any relief in law or in equity, he shall be granted such relief if the facts stated show that he is entitled thereto.

Certainly, the facts stated show that plaintiff was entitled to a declaration of rights involved in the will containing the trust provisions alleged. It will be noticed also that, ''the declaration may be either affirmative or *negative*.'' Even though the court disagrees with the construction insisted upon by the plaintiff, he is entitled to such *negative* declaration. The court, in the instant case, could not have made a declaration of rights upon the demurrer of the appellees (even if one had been filed).

The questions presented to the trial court by the demurrer of appellees (if one was filed addressed to the amended petition) were: Did the facts alleged in the petition show that the plaintiffs were entitled either in chancery or under the Declaratory Judgments Act, to a declaration of their rights under the trust provisions of the will; and, did the court have jurisdiction of the subject matter of the action?

If a demurrer had been filed raising these questions, it should have been overruled. Even if there was in the amended petition a defective cause of action stated, the demurrer (if filed) could not operate upon another cause of action effectively stated, since such demurrer was addressed to the entire petition.

It is obvious that the court could not make either an affirmative or negative declaration of rights upon a demurrer (as it did in the judgment), since such demurrer would not raise the issues involved in disputed constructions of the will—but only the right of plain-

tiff to relief in chancery or under the Declaratory Judgments Act.

The same conclusions upon the general questions involved are discussed in the dissent in the case of *Alf* v. *Hunsicker, Clerk,* 82 Ohio App., 197, 203, 80 N. E. (2d), 511.

By virtue of Section 2107.46, Revised Code, a revised combination of Sections 10504-66 and 10504-67, General Code, a legatee may initiate an action to construe a will upon failure of a fiduciary to bring such action within 30 days after written request.

Such a cause of action may, therefore, be prosecuted by a legatee.

All that we know about the alleged demurrer to the amended petition is that a "demurrer" was filed. It is to be presumed, if filed at all, that such demurrer was a general demurrer.

Section 2309.09, Revised Code, provides:

"The demurrer shall specify the grounds of objection to the petition. Unless it does so, it shall be regarded as objecting only that the court has no jurisdiction of the subject of the action, or that the petition does not state facts which show a cause of action."

The allegation that a request upon the fiduciary had been made and refused directly or by mere failure to act is not a part of the cause of action. Such allegation merely is concerned with the capacity of the legatee to sue. The legatee is given a right to file such action upon complying with a precedent condition.

Section 2107.46, Revised Code, a revised combination of Sections 10504-66 and 10504-67, General Code, provides:

"Any fiduciary may maintain an action in the Probate Court or the Court of Common Pleas against creditors, legatees, distributees or other parties and ask the direction or judgment of the court in any mat-

ter respecting the trust, estate, or property to be administered and the rights of the parties in interest.

"If any fiduciary fails for thirty days to bring such action after a written request from a party in interest, the party making such request may institute the suit."

This section was amended by the 1953 Legislature, but such amendment does not change the applicability of the old General Code sections.

It is apparent that a legatee is given the right to institute such cause of action in the Court of Common Pleas, upon complying with the precedent conditions stipulated in the statute. His failure to allege compliance with such conditions does not constitute a defect in the cause of action, which, by virtue of the statute, he may include in a petition filed in the Court of Common Pleas. Such failure to allege compliance with the stipulated precedent conditions deals merely with his capacity to sue. Such a defect in the capacity of the plaintiff cannot be raised by a general demurrer. *State, ex rel. Spiker,* v. *Industrial Commission,* 141 Ohio St., 174, 47 N. E. (2d), 217.

All we know about the alleged demurrer to the amended petition is that in the judgment it is stated that a demurrer was filed. The presumption, if any is permitted, is that it was a general demurrer, and, therefore, ineffective to raise capacity to sue.

In *Douglas, Admx.,* v. *Daniels Bros. Coal Co.,* 135 Ohio St., 641, 22 N. E. (2d), 195, 123 A. L. R., 761, a widow instituted an action for wrongful death, without having been appointed administratrix. Upon attack upon the petition, she was given leave to amend after her appointment. In the opinion, at page 647, the court said:

"In the instant case the cause of action set up in the petition is in no way affected by the corrections contained in the amendment. The amendment corrects

the allegations of the petition with respect to plaintiff's capacity to sue and relates to the right of action as contradistinguished from the cause of action. A right of action is remedial, while a cause of action is substantive, and an amendment of the former does not affect the substance of the latter. See 1 Bouvier's Law Dictionary (Rawles Rev.), 295; Pomeroy's Code Remedies (5 Ed.), 526 *et seq.*, Section 346 *et seq.*; 1 Cyc., 642. An amendment which does not substantially change the cause of action may be made even after the statute of limitations has run.''

So in the instant case, had a special demurrer been addressed to the amended petition raising the right of the plaintiffs to sue, upon request, the plaintiffs would have been permitted to comply with the precedent conditions stipulated in the statute, amend their petition, and proceed with the case.

See, also, *Canterbury* v. *Pennsylvania Rd. Co.*, 158 Ohio St., 68, 107 N. E. (2d), 115.

So, by virtue of Section 2107.46, Revised Code, the plaintiffs had a right to institute the action and their failure to comply with the precedent conditions merely abated the action pending compliance with the mandate of the section. Had the fiduciaries complied with their request, the action would have been changed to comply with the new plaintiffs. See *Canterbury* v. *Pennsylvania Rd. Co., supra.*

The amended petition also contained causes of action independent of that designed to obtain a construction of the will. The "demurrer" (if filed) was, as has been said, addressed to the entire amended petition. While the language of the statute is definite and specific, it would seem to be a most futile thing under the circumstances involved in the instant action to have made request upon the fiduciaries to bring this action. However, there is nothing in the record to show that the absence of proper allegations of com-

pliance with the precedent conditions was ever properly raised by the defendants.

The judgment should be reversed and the cause remanded to the trial court, with instructions to overrule the demurrer.

(Decided November 16, 1953.)

On Application for rehearing.

*Per Curiam.* The appellants have filed with the judges an application for a rehearing, which would have been appropriate before the rules of the Courts of Appeals were amended, effective January 1, 1949, whereby the provision for application for rehearing (Rule XI) was repealed. Since then, there has been no express provision for rehearing, although rehearings have been granted on it being made to appear that some vital fact or controlling principle of law may have been overlooked which resulted in an erroneous conclusion. We have examined this application to determine whether it presents any reason for a rehearing or a change in our conclusion.

In the application for a rehearing, counsel call our attention to the fact that the demurrer was to the petition, and not, in terms, to the amended petition. However, neither in the trial court, nor in the assignment of errors, nor in oral argument, nor in the briefs in this court was this fact mentioned or relied upon as an error. In fact, just the contrary is shown by the record. As a matter of fact, the "amended petition" was the same as the original petition, excepting that the prayer was elaborated to show clearly that in addition to the affirmative relief originally prayed for, they asked for a declaratory judgment. That the trial court as well as the parties treated the demurrer as directed against both pleadings of plaintiffs is shown

by the express reference in the judgment to the "amended petition." In this court, all the parties presented the cause as raising the one question of the sufficiency of the plaintiffs' pleading, challenged by the demurrer of Walter A. Ryan, Jr., and Roland P. Ryan. No one suggested any defect in the demurrer preventing it from raising this objection to the plaintiffs' pleading.

Under such circumstances, the parties clearly waived whatever objection they might otherwise have raised on this ground. Their conduct would clearly be a basis for an estoppel. They invited the court to take the course, and can not complain after it has done so.

Furthermore, the appellants after having failed to assign this error, can not now present it for the first time and ask this court, as a matter of right, to consider it. The court did not mention the point in its opinion, because it had not been presented. We are not sure that we are asked to do so by the application for a rehearing. If we should do so we find in it no reason for changing the conclusion which we reached.

By Section 12223-21, General Code, it is provided that "Errors not argued by brief may be disregarded."

For these reasons, the application for a rehearing is denied.

*Application denied.*

Matthews, P. J., and Hildebrant, J., concur.

Ross, J., concurring. The court, in the majority opinion and dissent, having fully covered the point raised by the request for reconsideration, I see no value in again presenting the case for argument. I, therefore, concur in denying the request for reargument, still retaining my position stated in the dissent.