·THE STATE, EX REL. LONG, *v.* BETTMAN, JUDGE, COMMON
PLEAS COURT OF HAMILTON COUNTY.

[Cite as State, ex rel. Long, v. Bettman (1970),
24 Ohio St. 2d 16.]

(No. 70-398—Decided September 24, 1970.)

*Mr. William R. Long, in propria persona.*

*Mr. Melvin G. Rueger,* prosecuting attorney, and *Mr.
Leonard Kirschner,* for respondent.

*Per Curiam.* This is an action in mandamus originating in this court. Relator is apparently requesting an order directing respondent to dismiss certain criminal charges against him for lack of a speedy trial on a 1968 indictment. Relator is presently incarcerated in a Kentucky penal institution.

The state has filed a motion to dismiss the petition.

The facts, as set forth in the state's brief, are as follows:

Relator was indicted on March 8, 1968. He did not appear at the arraignment on March 11, 1968, and his bond was forfeited. Relator was later found to be in a Kentucky penal institution and a detainer was placed against him. In November 1968, relator filed a demand for a speedy trial and he was returned to Ohio in January 1969. Counsel was appointed to represent him and trial set for February 18, 1969. On February 18, 1969, relator and his counsel appeared in court and requested a continuance. On February 19, an entry was made showing that relator had retained private counsel. The case was set for trial on March 27, at which time the relator requested a second

continuance because one of his witnesses was ill. The case was reset for trial on April 11, at which time relator requested a third continuance and filed a notice of alibi. The case was set for trial, for a fourth time, on May 1, on which date the state had the case continued because of a heart attack of the prosecuting witness. Kentucky then demanded relator's return for a parole hearing on June 11, 1969. The case was rescheduled for trial on June 25, when relator again asked for a continuance because he had returned to Kentucky for a parole hearing. No further demand has been made for trial by relator or his counsel since that time.

In order for relator to be entitled to a writ of mandamus he must show two things: (1) A clear legal right to the relief prayed for (*State, ex rel. Board of Edn.*, v. *Griffin*, 161 Ohio St. 537), and (2) a clear legal duty on the respondent to perform the act (*State, ex rel. Clink*, v. *Smith*, 16 Ohio St. 2d 1).

Relator fails on both of those issues. When relator first demanded a speedy trial, the state brought him back to Ohio within less than two months and set his case for trial. Due to his own actions the case was continued until Ohio was forced to return him to Kentucky. Even after that time the case was set for trial and relator again requested a continuance. Since then, the record shows no further demand for trial. Even conceding relator's right to a speedy trial, such right has not been infringed so as to require a dismissal of the charges against him.

The writ of mandamus is denied.

*Writ denied.*

O'NEILL, C. J., LEACH, HERBERT, DUNCAN, CORRIGAN and STERN, JJ., concur.

SCHNEIDER, J., concurs in the judgment only.

LEACH, J., of the Tenth Appellate District, sitting for MATTHIAS, J.