THE STATE, EX REL. LEE, *v.* FERGUSON, AUDITOR OF STATE, ET AL.

(No. 74-932—Decided December 17, 1975.)

160

Messrs. *Lucas, Prendergast, Albright, Gibson, Brown & Newman,* and Mr. *John A. Brown,* for relator.

Mr. *William J. Brown,* attorney general, and Mr. *Thomas V. Martin,* for respondents.

Per Curiam. In *State, ex rel. Fry,* v. *Ferguson* (1973), 34 Ohio St. 2d 252, 298 N. E. 2d 129, the court allowed writs of mandamus compelling respondents therein, including the Auditor and Treasurer of State, to pay classified state employees at the rates of pay provided in S. B. No. 147. It was the court's view, at page 256, in that case "that the federal law regulating the pay of state employees does not supersede the state statute."

After the decision in *Fry, supra,* the United States,

in October 1973, obtained in the Temporary Emergency Court of Appeals an injunction restraining the state of Ohio from violating the Economic Stablization Act of 1970, as amended, and from paying the salary increases provided for in the pay bill. *United States* v. *Ohio* (1973), 487 F. 2d 936. The judgment of the Temporary Emergency Court of Appeals was affirmed in May 1975, *Fry* v. *United States* (1975), U. S. , 44 L. Ed. 2d 363, which was after the Economic Stabilization Act had expired on April 30, 1974.

Relator cites *United States* v. *California* (1974), 504 F. 2d 750. In that case the United States sought to enjoin the state of California from implementing a state employee pay increase which the Supreme Court of California had directed state officials to pay on April 19, 1974, the decision becoming final on May 19, 1974. The action was filed by the United States on May 8, 1974, which was after expiration of the Economic Stabilization Act.

Section 218 of the Economic Stabilization Act (Section 1904 note, Title 12, U. S. Code) provided that the authority to enforce orders and regulations under the act expired on April 30, 1974, but that such expiration should not "affect any action or pending proceedings * * * not finally determined on such date, nor any action or proceeding based upon any act committed prior to May 1, 1974." Finding "neither of the exceptions to Section 218 * * * applicable," (504 F. 2d, at page 757) the Temporary Emergency Court of Appeals dismissed the government's complaint for lack of jurisdiction.

It is relator's position that the injunction issued by the Temporary Emergency Court of Appeals relative to Ohio's pay increases is no longer effective for the reasons stated in the California case. There is, however, a crucial distinction between the California case and the instant case. The decision of the California court authorizing payment came after expiration of the Economic Stabilization Act, whereas here the government's injunction was obtained while the act was in force. This order was affirmed by the Supreme Court of the United States.

"In order for relator to be entitled to a writ of mandamus he must show two things: (1) A clear legal right to the relief prayed for (*State, ex rel. Board of Edn.*, v. *Griffin*, 161 Ohio St. 537), and (2) a clear legal duty on the respondent to perform the act (*State, ex rel. Clink*, v. *Smith*, 16 Ohio St. 2d 1)." *State, ex rel. Long*, v. *Bettman* (1970), 24 Ohio St. 2d 16, 17, 262 N. E. 2d 859. See *State, ex rel. Pressley*, v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141, 228 N. E. 2d 631.

Relator here has established neither a clear legal right to the relief prayed for, nor a clear legal duty on the part of respondent to perform the act.

Therefore, the writ is denied.

*Writ denied.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.