Plaintiff in error, Margaret Wiggins, brought suit in the Court of Common Pleas of Franklin county against Fred T. Babbitt and the surety on his official bond as superintendent of the county infirmary, for alleged damages suffered from impaired health due to her removal by the superintendent of the infirmary from Franklin county to Guernsey county, under the provisions of Sections 3481 and 3482, General Code, relating to removal of persons requiring public relief to the county of their legal settlement. The plaintiff in error challenged the constitutionality of those sections upon the ground that they deprived her of due process by authorizing the issuance of a warrant for removal without making provision for a notice, summons and hearing.
 

 The case was submitted to a jury, which rendered a verdict for the defendants. A motion, pleading that the verdict was against the weight of the evidence, was
 
 *241
 
 overruled and judgment entered for the defendants. The Court of Appeals affirmed.
 

 There being no evidence that plaintiff in error was not a resident of Guernsey county, and the jury, the Court of Common Pleas and the Court of Appeals having presumably found that the legal settlement of plaintiff in error-was in Guernsey county, and that therefore she did not suffer any damages, this court will not consider the constitutional question presented, in accordance with the principle that when litigation can be determined upon any other theory, the question of constitutionality of a challenged statute will not be decided.
 
 State, ex rel. Clarke,
 
 v.
 
 Cook, Aud.,
 
 103 Ohio St., 465, 134 N. E., 655, and
 
 Rucker
 
 v.
 
 State,
 
 119 Ohio St., 189, 162 N. E., 802.
 

 On consideration whereof, it is ordered and adjudged by this court, that the judgment of the said Court of Appeals be, and the same is hereby, affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Stephenson, Williams, Jones, Matthias, Day and Zimmerman, JJ., concur.