The petition seeks a peremptory writ of mandamus to compel the Industrial Commission to ascertain the disability and to compute the amount of compensation due the deceased injured workman at the time of his death and to pay from the state insurance fund such accrued compensation to the relatrix.
To the petition respondent has filed a general demurrer on the ground "that said petition does not state facts sufficient to show a cause of action in manadmus."
Respondent argues that the relatrix has no legal capacity to bring this action while relatrix argues contra. However, to reach this question at this time it would have been necessary for respondent to have filed a special *Page 176 
demurrer under Section 11309 (3), General Code, specifying such ground. Section 11310, General Code, provides:
"The demurrer shall specify the grounds of objection to the petition. Unless it does so, it shall be regarded as objecting only that the court has no jurisdiction of the subject of the action, or that the petition does not state facts which show a cause of action."
As the capacity of relatrix to bring the action is not properly raised it will not be passed upon. In disposing of this case it will be necessary to pass only upon the sufficiency of the petition irrespective of the fact that it is brought upon the relation of an administratrix and seeks to have payment made to her. While the administratrix'right to receive any payment might be considered on demurrer such consideration will be unnecessary under our finding.
We are here dealing with statutory rights wholly independent of common law or equitable considerations. The right, if any, to the writ arises under the provision of Section 1465-83, General Code. As benefits in case of death resulting from a compensable injury are not involved in this case, the only part of Section 1465-83, General Code, material here is that which applies to the awarding and paying of an unpaid balance of an award accruing or which might have accrued to an injured workman during his lifetime and reads as follows:
"* * * In all cases of death from causes other than theinjury for which award had theretofore been made * * * in which there remains an unpaid balance, representing payments accrued and due decedent at the time of his death, the commission mayat its discretion, after satisfactory proof has been madewarranting such action, award or pay any unpaid balance of such award to such of the dependents of the decedent, or for services rendered on account of the last illness *Page 177 
or death of such decedent, as the commission shall determine in accordance with the circumstances in each such case. And if the decedent would have been lawfully entitled to have made application for an award at the time of his death the commission may, at its discretion, after satisfactory proof towarrant an award and the payments hereinafter mentioned, award and pay an amount, not exceeding the compensation which the decedent might have received, but for his death, for the period prior to the date of his death, to such of the dependents of the decedent, or for services rendered on account of the last illness or death of such decedent, as the commission shall determine in accordance with the circumstances in each such case * * *." (Italics ours.)
The foregoing section provides that where the death of the workman has resulted from a cause other than the injury forwhich an award was or might have been made to the workmanduring his lifetime the commission may at its discretion pay an unpaid balance of the award made to the workman during his lifetime or may make an award after the death of the workman and pay same to the dependents, but in either event the amount to be paid is limited to what the workman might have received during his lifetime.
To restate for clarity and emphasis, the commission may at its discretion pay the dependents the unpaid balance of an award previously made to the workman in his lifetime or it may award and pay to the dependents what the injured workman would have been entitled to receive during his lifetime.
However, nothing may be paid under the quoted part of this section unless the workman died from a cause other than the compensable injury. It is at this point that relatrix's case fails.
Relatrix' petition contains the following averments:
"10. Your relator says, further, that before the *Page 178 
respondent ascertained the extent of the disability and the computation of the amount of compensation due the said John Pearch, namely, on the 21st day of February, 1942, he (John Pearch) became deceased. Thereafter, the said Margaret Pearch, now deceased, but then living, filed with the respondent [The Industrial Commission of Ohio] a first notice of death and preliminary application wherein she asked for the payment of money out of the state insurance fund on account of the death of said John Pearch. In said claim she alleged that the death of her decedent was the result of the accidental injury set forth in said claim No. 123182 P. E. [The claim in which an award for compensation had been made to John Pearch.] In said application she claimed to be wholly and solely dependent upon the said John Pearch at the time of the injury received, namely, on June 14, 1940, thereafter, and at the time of his decease on the 21st day of February, 1942."
"13. Your relator says, further, that before the respondent could investigate or make any finding upon the application of the said Margaret Pearch to participate as the sole dependent in the claim as filed, and as more fully set forth in paragraph 10 of this petition, the said Margaret Pearch died intestate on the 10th day of May, 1942, and thereafter she became the duly appointed, acting and qualified administratrix of her estate, as set forth in paragraph 1 of this petition.
"14. Your relator says, further, that on July 3, 1942, she filed with the respondent a dismissal, without prejudice, of the application filed by the said Margaret Pearch to participate in the state insurance fund on account of the death of the said John Pearch, as more fully described in paragraph 10 of this petition; and at the same time, she filed a motion with the respondent that the accrued compensation due the said John Pearch that had accrued to him during his lifetime *Page 179 
be paid to her as administratrix of the estate of Margaret Pearch, his widow and sole dependent.
"15. Your relator says, further, that the respondent, on July 22, 1942, and again on August 21, 1942, arbitrarily and unlawfully refused to permit your relator, acting as administratrix of the estate of Margaret Pearch, deceased, to dismiss without prejudice said application filed by the said Margaret Pearch for a death award.
"16. Your relator says, further, that on August 21, 1942, the respondent passed on the motions set forth in paragraphs 12 and 14 of this petition and issued the order following:
" 'By virtue of the judgment obtained by the decedent in the Common Pleas Court of Tuscarawas county, it is ordered that the fee bill of Dr. C.J. Miller, in the amount of $129.50, be paid as approved, and that statutory attorney fees on the basis of this award be paid to John F. Locke as per the journal entry on file; that the court cost bill in the amount of $4.20 be paid to the Clerk of Courts of Tuscarawas county, and that warrants for attorney fees and court costs be issued forthwith and sent to R.E. Schumaker for delivery.
" 'The commission, after fully considering all the facts and circumstances and also the briefs filed by counsel for the claimant with reference to the request for payment of the compensation, which the decedent would have received but for his death, to the administratrix of the estate of John Pearch, dec'd., and also of the estate of Margaret Pearch, dec'd., and attorney fees to John F. Locke, under provisions of 1465-83 and 1465-90, G. G., finds that the motions filed on April 2nd and June 27th, 1942, are not well taken and, therefore, orders that said motions be denied.
" 'It is further ordered that a field investigation be made in connection with the application for a death award filed herein on Feb. 26, 1942.' " *Page 180 
Not only does relatrix' petition fail to show that the workman died from a cause other than the injury for which the award was or might have been made to the workman during his lifetime but it does show that: (a) A claim was made for death benefits on account of death resulting from the compensable injury; (b) the commission did act under Section 1465-83, General Code, upon relator's claim; and, (c) the commission ordered a field investigation made in connection with the application for a death award. Other questions need not be noted.
The fact that the widow's administratrix attempted to dismiss the death claim without prejudice is beside the point. No authority for such attempted action was alleged.
The demurrer will therefore be sustained and relator's petition dismissed.
Demurrer sustained and petition dismissed.
WEYGANDT, C.J., MATTHIAS, HART, ZIMMERMAN and BELL, JJ., concur.