THE STATE, EX REL. NYITRAY, APPELLANT, *v.* INDUSTRIAL COMMISSION
OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. Nyitray, *v.* Indus. Comm. (1983), 2 Ohio St. 3d 173.]

(No. 82-247—Decided January 5, 1983.)

174

*Gallon, Kalniz & Iorio Co., L.P.A., Ms. Dorothy B. McCrory, Mr. William E. Takacs* and *Mr. Michael A. Vanderhorst,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Bradley J. Finn,* for appellee Industrial Commission.

CELEBREZZE, C.J. This cause presents the issue of whether a writ of mandamus was properly denied in which the widow-appellant seeks an order that the Industrial Commission pay her the temporary total disability compensation that her husband was entitled to receive, had applied for and had been granted, but had not received at the time of his death. We conclude that the writ was improperly denied for the following reasons.

Under Ohio's workers' compensation law, there are two separate and distinct types of compensation available to dependents of deceased workers. Dependents may be awarded the compensation the worker was entitled to receive prior to death pursuant to R.C. 4123.60. The second type of compensation available to dependents is death benefits under R.C. 4123.59.

In this case, death benefits, as well as permanent partial disability compensation, were awarded appellant. However, the temporary total disability compensation that Nyitray was entitled to receive prior to his death was denied appellant and is the subject of this appeal.

R.C. 4123.60 is cited by the appellee Industrial Commission as the basis for denying appellant's application for the disability benefits her husband was entitled to receive prior to his death. The relevant language in R.C. 4123.60 provides that:

"In all cases of death from causes other than the injury or occupational disease for which award had theretofore been made on account of temporary, or permanent partial, or total disability, in which there remains an unpaid balance, representing payments accrued and due to the decedent at the time of his death, the commission may, after satisfactory proof has been made warranting such action, award or pay any unpaid balance of such award to such of the dependents of the decedent, or for services rendered on account of the last illness or death of such decedent, as the commission determines in accordance with the circumstances in each such case. If the decedent would have been lawfully entitled to have made application for an award at the time of his death the commission may, after satisfactory proof to warrant an award and payment, award and pay an amount, not exceeding the compensa-

tion which the decedent might have received, but for his death, for the period prior to the date of his death, to such of the dependents of the decedent, or for services rendered on account of the last illness or death of such decedent, as the commission determines in accordance with the circumstances in each such case, but such payments may be made only in cases in which application for compensation was made in the manner required by sections 4123.01 to 4123.94 of the Revised Code, during the lifetime of such injured or disabled person, or within one year after the death of such injured or disabled person."

The record discloses that Nyitray's death was caused by an industrial injury. In *State, ex rel. Spiker,* v. *Indus. Comm.* (1943), 141 Ohio St. 174 [25 O.O. 271], the court interpreted the predecessor[1] of R.C. 4123.60 and concluded that nothing may be paid to dependents unless the worker died from a cause other than the compensable injury.

Following the *Spiker* rationale, dependents of workers who died from work-related causes are denied compensation, while dependents of those workers who died from causes other than a compensable injury or occupational disease are entitled to compensation under R.C. 4123.60. Thus, the question posed by appellant is whether the statutory classification violates the Equal Protection Clauses of the Ohio and United States Constitutions.

The limitations placed upon governmental action by the Equal Protection Clauses are essentially the same. See *Porter* v. *Oberlin* (1965), 1 Ohio St. 2d 143 [30 O.O.2d 491]; *State, ex rel. Struble,* v. *Davis* (1937), 132 Ohio St. 555 [8 O.O. 552]. Equal protection of the laws requires the existence of reasonable grounds for making a distinction between those within and those outside a designated class. *State* v. *Buckley* (1968), 16 Ohio St. 2d 128 [45 O.O.2d 469], paragraph three of the syllabus; *Porter* v. *Oberlin, supra,* paragraph two of the syllabus. The "reasonableness" of a statutory classification is dependent upon the purpose of the Act. *Carrington* v. *Rash* (1965), 380 U.S. 89, 93; *McLaughlin* v. *Florida* (1964), 379 U.S. 184, 191.

Ohio's workers' compensation system is predicated upon Section 35, Article II of the Ohio Constitution, which states that the purpose of workers' compensation is to compensate "workmen and *their dependents,* for death, injuries or occupational disease, occasioned in the course of such workmen's employment * * *." (Emphasis added.) Clearly, the purpose of R.C. 4123.60 is to fulfill this objective of compensating dependents. However, the statutory classification which exists in R.C. 4123.60 as interpreted by *Spiker* precludes the class represented by appellant, dependents of workers who died from work-related causes, from obtaining the compensation accrued and due, or for which application had not been made. Nyitray was injured on the job, and the commission granted him compensation to cover a period of over one and a half years; however, he had not received such compensation prior to his death. We view this classification which denies dependents of workers

---

[1] R.C. 4123.60 was formerly G.C. 1465-83, which was construed in *Spiker.*

who died from work-related causes from obtaining compensation due, while paying the dependents of workers who died from other causes, as inherently unfair and contrary to the purpose of compensating dependents stated in the Constitution.

In *Kinney* v. *Kaiser Aluminum & Chemical Corp.* (1975), 41 Ohio St. 2d 120, 124 [70 O.O.2d 206], we said that the legislation could be upheld if it was shown that the statutory prerequisites were rationally related to the accomplishment of some state objective at least as important as the purpose contained in the Constitution and reflected in the statute. The constitutional purpose at issue was to compensate dependents of workers who died from work-related causes. Applying this test, we concluded that the statutory prerequisites in R.C. 4123.59, designed for administrative ease, violated the Equal Protection Clauses.[2]

Following *Kinney,* it is necessary to ascertain the purpose served by the classification contained in R.C. 4123.60. The court of appeals suggested that the legislative scheme construed in *Spiker* provides dependents of a deceased with either the compensation the deceased worker was entitled to, but did not receive, prior to his death pursuant to R.C. 4123.60 or the enhanced survivor benefits pursuant to R.C. 4123.59.[3] The court interpreted *Spiker* as requiring that payment may be made under either section, but not both, depending upon whether the worker's death was caused by the industrial injury or occupational disease. The rationale for this alternate scheme is faulty.

Contrary to the court of appeals' opinion, death benefits are not enhanced benefits. Pursuant to R.C. 4123.59, death benefits to dependents stand alone and are uniform for all who meet the same qualifications. Benefits are not enhanced or increased based upon compensation under R.C. 4123.60.

Neither R.C. 4123.59 nor 4123.60 contains language which indicates that its compensation is "exclusive" or "in lieu of" that provided by the other section. Each statute provides a separate and distinct type of compensation predicated upon different time periods. R.C. 4123.60 provides dependents compensation which had accrued during the worker's lifetime. Then, after

---

[2] In *Kinney,* one of the statutory prerequisites was a maximum three-year period between the industrial injury and the related death in order for the dependents to qualify for the death benefits. The worker died nine years after the industrial injury and we held that the three-year requirement was unconstitutional. According to the unconstitutional prerequisite, the worker died too late. In the case *sub judice,* although the worker was entitled to compensation, he died too soon, before receiving the payment. Like *Kinney,* this statutory classification is unfair and invalid.

[3] The court of appeals stated that: "* * * [W]e are not free to overrule a decision of the Supreme Court even if it involves an unconstitutional result," and "[t]his court is not permitted to substitute its judgment for that of the Supreme Court in *Spiker* upon the question of whether this is the proper interpretation of the statutes or whether the result is reasonable or unjust." Thus, the court of appeals was bound by *Spiker* and not free to consider the validity of the holding.

the worker's death, due to a work injury or occupational disease, R.C. 4123.59 provides death benefits independent of any awards made under R.C. 4123.60. Furthermore, construing these statutes to limit payment to exclusive compensation under one or the other section adds words not used by the General Assembly and is contrary to the purpose of workers' compensation, *i.e.,* to compensate dependents. Thus, we conclude that the types of compensation provided by R.C. 4123.59 and 4123.60 are not exclusive one of the other.

Following the scheme in *Spiker* could lead to absurd results. For example, the facts may be identical in two situations: two workers were injured to the same extent, in the same accident, and have the same number of dependents, and both workers applied for and had been granted compensation. However, the checks were mailed at different times due to administrative management of the claims. As a result, one worker received and cashed the check before dying while the other, Nyitray here, died before receiving the payment. Clearly, both workers are entitled to compensation for their work-related injuries, and we can see no rational basis for denying Nyitray's dependents the compensation which he had been granted.

Thus, it would appear that the only reason for retaining the alternate compensation scheme and denying compensation to the class represented by Nyitray is to reduce the cost to the workers' compensation system. However, conserving funds is not a viable basis for denying compensation to those entitled to it.

Another reason for deciding that dependents may qualify for the compensation provided by R.C. 4123.60 is the purpose of those payments. According to a noted authority on Ohio's workers' compensation,[4] the purpose of temporary total disability, the payment at issue, is to compensate for loss of earnings. Clearly, a worker's earnings may cover dependents' expenses and not be limited solely to the worker's personal expenditures. For the worker who was entitled to an award during his lifetime but not paid, his dependents have been deprived of that compensation. Therefore, the dependents are entitled to the deceased worker's compensation for loss of earnings.[5]

---

[4] Young, Workmen's Compensation Law of Ohio (2 Ed. 1971), Section 7.8.

[5] The award is not personal to the worker because R.C. 4123.60 specifically provides that dependents may recover the compensation the deceased worker was entitled to receive. Appellee commission cites *Indus. Comm.* v. *Kamrath* (1928), 118 Ohio St. 1, for the proposition that the compensation is personal to the worker. However, the court in *Kamrath* said that rights of employees and dependents are wholly statutory, which is consistent with the facts in the case *sub judice* because R.C. 4123.60 provides rights to dependents of deceased workers.

Furthermore, the fact that workers' compensation benefits are exempt from garnishment pursuant to R.C. 2329.66 is irrelevant to whether the dependents are entitled to the payments. Numerous exemptions set forth in this section (including wearing apparel, household goods, a residence, motor vehicle and cash) are not personal but are designed to protect the needs of the debtor's dependents. Thus, garnishment law is predicated upon protecting, at least, the basic necessities of the debtor's dependents.

In this situation, there is no danger of "double dipping" or the dependents attempting to receive payment *already* received by the worker. R.C. 4123.60 provides that the commission may pay dependents the unpaid balance of an award previously made to the worker or it may pay dependents what the injured worker would have been entitled to receive during his lifetime. Thus, there can be no "double dipping" because the worker never received the payment to which he was entitled.[6]

For these reasons, there is no rational basis for denying dependents of workers who died from work-related injuries or diseases the compensation the decedent was entitled to during his lifetime. Clearly, the workers' compensation system is designed to aid workers and their dependents and not intended to penalize victims by denying compensation where due. We hold that the portion of R.C. 4123.60 which in effect denies accrued but unpaid workers' compensation to dependents of workers who died from work-related causes, while compensating dependents of workers who died from causes other than a compensable injury or occupational disease, violates the Equal Protection Clauses of the Ohio and United States Constitutions. This holding necessitates the overruling of *Spiker.*

For the foregoing reasons, the judgment of the court of appeals denying the writ of mandamus is reversed and the cause is remanded to the Bureau of Workers' Compensation for further proceedings consistent with this decision.

*Judgment reversed*
*and cause remanded.*

W. BROWN, PARRINO, LOCHER, HOLMES and C. BROWN, JJ., concur.

KRUPANSKY, J., dissents.

PARRINO, J., of the Eighth Appellate District, sitting for SWEENEY, J.

KRUPANSKY, J., dissenting. I am not persuaded by the majority's equal protection analysis. In my opinion, there are rational bases underlying those portions of the Workers' Compensation Act which afford different treatment for dependents of deceased employees whose death is work-related as compared to dependents of deceased employees whose death is not work-related. I would, therefore, find no violation of the Equal Protection Clauses and would affirm the judgment of the court of appeals pursuant to the long-

---

[6] In this case, appellant was awarded the compensation due but unpaid her deceased husband for a back injury, unrelated to his death. She also was awarded reimbursement for medical payments. The decedent was entitled to these as well as the temporary disability payments. There is no reasonable basis for denying the dependent a portion of the awards due the decedent at the time of his death.

standing precedent set in the case of *State, ex rel. Spiker,* v. *Indus. Comm.* (1943), 141 Ohio St. 174 [25 O.O.271].

## I

At the outset, I note the record presents issues, other than the constitutional issue, which could have served as grounds for disposing of this case on its merits. For example, appellant contends this court's construction of R.C. 4123.60 in *Spiker* was erroneous and that contrary to the decision reached in *Spiker,* the statute provides for accrued benefits to be paid when the employee's death is the result of a work-related injury. Since this court ordinarily follows the traditional practice of declining to rule upon the constitutionality of a statute when the case may be disposed of upon other grounds, the necessity for determining the constitutional issue in the case *sub judice* is questionable. See, *e.g., Greenhills Home Owners Corp.* v. *Greenhills* (1966), 5 Ohio St. 2d 207 [34 O.O.2d 240], certiorari denied 385 U.S. 836; *Interstate Motor Freight Systems* v. *Bowers* (1955), 164 Ohio St. 122 [57 O.O. 123]; *Wiggins* v. *Babbitt* (1935), 130 Ohio St. 240 [4 O.O. 263].

The parties agree that since no fundamental rights are implicated in this case, the correct standard to be applied is the rational relationship test. Under this test, "a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some 'reasonable basis,' it does not offend the Constitution simply because the classification 'is not made with mathematical nicety or because in practice it results in some inequality.' *Lindsley* v. *Natural Carbonic Gas Co.,* 220 U.S. 61, 78. 'The problems of government are practical ones and may justify, if they do not require, rough accommodations — illogical, it may be, and unscientific.' *Metropolis Theatre Co.* v. *City of Chicago,* 228 U.S. 61, 69-70. 'A statutory discrimination will not be set aside if any state of facts may be conceived to justify it.' *McGowan* v. *Maryland,* 366 U.S. 420, 426 [17 O.O.2d 151]." *Dandridge* v. *Williams* (1970), 397 U.S. 471, 485. A statute will not be held to violate the Equal Protection Clause, and this court "will not invalidate a plan of classification adopted by the Legislature unless clearly arbitrary and unreasonable." *State, ex rel. Lourin,* v. *Indus. Comm.* (1941), 138 Ohio St. 618, 620 [21 O.O. 490]. The focus of inquiry, therefore, is whether there exist any reasonable bases for the disputed legislative classifications.

The problem with the majority's analysis is that its focus is too narrow; it focuses on the differing treatment provided to the two classes of dependents only in connection with a single statute, R.C. 4123.60. If we are comparing the benefits received by the two groups to determine whether the disparate treatment is rationally related to legitimate governmental purposes, then it is necessary to compare the benefits received by each group under the entire statutory scheme. When the Workers' Compensation Act is viewed as a whole, it becomes apparent that there are reasonable grounds for making a distinction between the two classes of dependents.

The General Assembly has divided dependents into two classes: (1) dependents of workers who have died from work-related injury or disease, and (2) dependents of workers who have died from causes other than work-related injury or disease. Dependents in the first class may receive death benefits under R.C. 4123.59, but not under 4123.60 for the same injury; dependents in the second class may receive benefits under 4123.60, but not under R.C. 4123.59 for the same injury.

The statutes are designed so that dependents of workers who have died from work-related causes cannot receive benefits under both statutes for the same injury. The reason for this result is obvious: dependents of employees who die from work-related causes do not qualify for benefits under R.C. 4123.60 because the General Assembly has provided them potentially greater death benefits under R.C. 4123.59. The purpose of providing compensation to dependents of employees whose death is work-related is not in any way thwarted by this statutory design because these dependents receive significant benefits under R.C. 4123.59. A reasonable basis for precluding members of appellant's class from receiving benefits under R.C. 4123.60, therefore, exists, and the statute should not be held unconstitutional.

In addition to the foregoing, a reasonable basis can be found in the General Assembly's interest in making the most efficient use of a finite Workers' Compensation Fund. Contrary to what the majority states, conservation of funds is a legitimate state interest. For example, in *Dandridge, supra*, the state of Maryland had adopted a maximum payment of $250 per month to recipients of benefits under the Aid to Families With Dependent Children program, regardless of the size of the family and its actual need. The United States Supreme Court found the state's interest in allocating available public funds in such a way as to meet the needs of the largest number of families provided a rational basis for the state's adoption of a ceiling payment. As the court stated in *Dandridge* at page 487: "[T]he Constitution does not empower this Court to second-guess state officials charged with the difficult responsibility of allocating limited public * * * funds among the myriad of potential claimants." Similarly, the General Assembly's legitimate interest in conserving the Workers' Compensation Fund and distributing it in such a manner as to provide benefits to the largest number of dependents provides a reasonable basis for limiting members of appellant's class to the death benefits payable under R.C. 4123.59.

In summary, I find no merit in appellant's equal protection challenge because the statute is rationally supported by (1) the state's interest in providing benefits to dependents of workers whose death was work-related, and (2) the state's interest in conserving the fund and allocating benefits so as to provide the largest amount to the maximum number of dependents. Accordingly, I find no equal protection violation in this case.

## II

The portions of the Revised Code pertinent herein are as follows:

R.C. 4123.59: "In case an *injury to or occupational disease* contracted by

an employee *causes his death,* benefits shall be in the amount and to the persons following: * * * (B) If there are any wholly dependent persons at the time of death * * *." (Emphasis added.)

R.C. 4123.60: "In all cases of *death from causes other than the injury or occupational disease* for which award had theretofore been made * * * in which there remains an unpaid balance, representing payments accrued and due to the decedent at the time of his death, the commission may, after satisfactory proof has been made warranting such action, award or pay any unpaid balance of such award to such of the dependents of the decedent, * * * as the commission determines in accordance with the circumstances in each such case." (Emphasis added.)

This court's construction of R.C. 4123.60 in the *Spiker* case and the statute itself clearly provide that appellant is not entitled to the benefits she seeks.

It must be noted the benefits provided to employees and dependents of deceased employees under the Workers' Compensation Act are purely statutory in nature. "In determining rights arising by force and out of Workmen's Compensation Law it is well to remember the duties of the Industrial Commission and its obligation to injured employees and dependents of killed employees are only such duties and obligations as are imposed by statute; that the rights of injured employees and the dependents of killed employees to recover from or participate in the state insurance fund are neither constitutional rights, inherent rights, nor common law rights, but are wholly statutory; * * * that if the right to participate in the fund be not found in the Workmen's Compensation Law itself, the right does not exist." *Indus. Comm.* v. *Kamrath* (1928), 118 Ohio St. 1, 3.[7] Thus, the benefits to which appellant is entitled are strictly a product of legislative determination as set forth in the Workers' Compensation Act. Since the statute does not provide appellant with the benefits she seeks, it cannot be said she has been deprived of compensation to which she is legally entitled. Indeed, appellant has been awarded all the benefits which could lawfully be paid to her under the statutes; namely:

> (1) Benefits pursuant to R.C. 4123.59, because her husband's death resulted from a work-related injury; *viz.,* myocardial infarction. Appellant has been awarded death benefits in the amount of approximately $200 per week from the date of her husband's death until her remarriage or death.

---

[7] The validity of *Kamrath* was questioned in *State, ex rel. Holdridge,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 175, 181 [40 O.O.2d 162], on grounds not relevant to the present discussion. There is nothing in *Holdridge* which questions the validity of the first paragraph of the syllabus in *Kamrath* which reads: "The rights of injured employees and the dependents of killed employees to participate in the state insurance fund are such, and such only, as are conferred by statutory law." This is still good law, as evidenced by the following excerpt from *Holdridge* at page 177: "The compensation of a workman injured in the course of his employment, or compensation to his dependents in the event of his death, is governed by statute."

(2) Benefits pursuant to R.C. 4123.60, the statute in dispute herein. Appellant has been granted $1,575, the amount which her husband would have been entitled to receive for an unrelated compensable injury, lumbosacral sprain, which did not result in his death.

(3) In addition, reimbursement has been made for medical bills incurred by her husband.

Thus, it appears appellant is already "double-dipping" insofar as she is getting benefits under both R.C. 4123.59 and 4123.60. Pursuant to the majority's decision, she will be "triple-dipping"; *i.e.,* she will be getting additional benefits under R.C. 4123.60 for which she is not qualified since these sections are mutually exclusive when dealing with the same injury.

The Workers' Compensation Act provides for compensation to two separate and distinct groups: the employees during their lives and the dependents of deceased employees. "Under the Constitution and laws enacted pursuant thereto, compensation is payable to two classes: To the living employee or to his dependents after death. * * *" *State, ex rel. Gaddis,* v. *Indus. Comm.* (1938), 133 Ohio St. 553 [11 O.O. 266], paragraph three of the syllabus. The benefits payable to these two groups, employees and dependents, are therefore different under the statutes. What the worker is entitled to receive while living is entirely separate and distinct from what the dependents are entitled to receive after the worker's death.

By law, the benefits awarded to the employee are personal to the employee and may be paid only to the living employee. While the employee is living, award payments may be made only to the employee and are "exempt from all claims of creditors and from any attachment or execution." R.C. 4123.67. It follows that since the payments are personal to the employee and payable only to the employee, dependents have no right to receive any benefits while the worker is living. One might assume the worker's dependents would benefit from the payments while the worker is living; however, this is true only if the worker so chooses. The dependents have no legal rights to receive the worker's personal benefit payments while the worker is alive. *Bruce* v. *Bruce* (1955), 100 Ohio App. 121 [60 O.O. 100].

It is precisely because the worker's benefits are personal and payable only to the worker that the payments cease abruptly upon the worker's death. When the worker dies, action on a pending claim abates except as to timely claims for medical services in allowed claims. Ohio Adm. Code 4123-5-21. When a claimant dies prior to endorsing a compensation check, the check cannot be endorsed by another; the check does not become part of the deceased employee's estate, but must be returned to the bureau's warrants returned unit in the central claims section. Ohio Adm. Code 4123-3-10(a)(7)(b) and (c). Thus, when the worker dies, the worker's personal benefits cease and the benefits payable to dependents are then determined pursuant to the Workers' Compensation Act.

It is when the employee dies, and only then, that the rights of the employee's dependents come into being. "Dependents, as such, are not

known as claimants and may not be awarded or receive any portion of the State Insurance Fund unless and until the employee from whom they claim has died." *Bruce* v. *Bruce, supra,* at 125. When the worker dies, the dependents themselves may become claimants and will then receive only such benefits as they are permitted under the statutes.

An award of benefits to dependents requires an exercise of discretion by the commission. R.C. 4123.60 provides "the commission may, after satisfactory proof has been made warranting such action, award or pay any unpaid balance of such award to such of the dependents of the decedent * * * as the commission determines in accordance with the circumstances in each such case." Thus, prior to receiving an award under R.C. 4123.60, the dependents must first apply for the benefits and meet the necessary statutory qualifications to the satisfaction of the commission.

The majority offers the example of two workers in identical situations, and finds it absurd when one worker receives payment before death and the other dies before receiving payment. This result is not at all absurd, however, when one is cognizant of the purely statutory nature of the benefits provided under the Act, the personal nature of the award payments and the dichotomy between the rights of the living employee as compared to the rights of the deceased employee's dependents. I agree with the majority's statement that both *workers* in the example would be entitled to receive compensation for their work-related injuries during their lifetimes. The dependents of the *living* employees, however, have no rights to receive the workers' personal benefit payments. When the worker dies, all payments to the worker and the worker's right to receive compensation necessarily come to an end. The worker's death triggers the rights of the dependents to receive benefits; but, because the right to participate in the fund is wholly statutory in nature, the benefits payable to the dependents of deceased employees are only such as are specifically allowed by statute. *Kamrath, supra.*

Upon the death of a worker, the benefits payable to dependents are determined in part pursuant to R.C. 4123.59 and 4123.60.[8] R.C. 4123.60 provides for an award to dependents of any unpaid balance accrued and due to the deceased employee at death, in "cases of death from causes *other than* the injury or occupational disease for which award" had previously been

---

[8] The distinction at issue in this case between benefits payable to dependents of workers who died from work-related causes as compared to benefits payable to dependents of workers who died from causes other than work-related disease or injury is also found in other sections of the Workers' Compensation Act. See, *e.g.,* R.C. 4123.57(C) which is similar to R.C. 4123.60, in that it allows unpaid benefits which accrued to the worker under that section to be paid to the surviving spouse only when the worker's death was due to a cause *other than* the injury or occupational disease on which the award was based. The effect of the majority's decision may, therefore, be more far-reaching than is initially apparent, since it serves to disrupt a carefully balanced statutory scheme which attempts to provide some death benefits for both groups of dependents.

made. R.C. 4123.59 provides for death benefits in cases where the employee's death is caused by work-related injury or disease.

The benefits provided under these two statutes, R.C. 4123.59 and 4123.60, are obviously mutually exclusive since a *death* can either be caused or not be caused by a certain injury. A dependent may receive death benefits under R.C. 4123.59 when the worker's death was caused by an occupational disease or injury, but may not receive benefits under R.C. 4123.60 for amounts accrued to the worker prior to death *for the same injury*. Benefits are payable under R.C. 4123.60 only when death results from a cause *other than the compensable injury* for which accrued payments are sought. Appellant has received death benefits under R.C. 4123.59 because her husband's death resulted from a compensable injury, myocardial infarction. She may not receive additional benefits under R.C. 4123.60 for payments accrued to her husband prior to his death for *this same injury* which caused his death.[9]

This result is mandated by the statutes and the previously unquestioned precedent set by this court in the *Spiker* case. There can be little doubt that the result reached in *Spiker* truly reflects the intent of the General Assembly upon enacting R.C. 4123.59, 4123.60 and their predecessors. *Spiker* has been good law for nearly forty years. Such long acquiescence by the General Assembly in the construction of a statute surely removes any doubt as to the accuracy of the construction.

Since the rule in *Spiker* clearly represents the will of the General Assembly, the majority's decision to overrule *Spiker* constitutes an improper intrusion into the legislative domain. There is no common law applicable to workers' compensation: "We are here dealing with statutory rights wholly independent of common law or equitable considerations." *Spiker*, at page 176. Accordingly, this court does not enjoy a roving jurisdiction to do good or to correct what its individual members perceive as inequities in the workers' compensation law. The wisdom of the workers' compensation law is a question for the General Assembly and not this court. See *Bernardini* v. *Board of Edn.* (1979), 58 Ohio St. 2d 1, 4 [12 O.O.3d 1].

No statute provides appellant with the benefits she now seeks. The majority has judicially created, in contravention of the intent of the General Assembly, a new category of benefits to encompass appellant. The majority has mischievously tampered with the clear intent of the workers' compensation law, unabashedly invaded the province of the General Assembly and usurped its power. In short, what the majority has done is to legislate. See, generally, *Thompson* v. *Indus. Comm.* (1982), 1 Ohio St. 3d 244, 252 (Krupansky, J., dissenting opinion); *Blankenship* v. *Cincinnati Milacron Chemicals* (1982), 69 Ohio St. 2d 608, 622 [23 O.O.3d 504] (Krupansky, J., dissenting opinion).

---

[9] As noted previously, appellant is lawfully entitled to, and has been awarded, under R.C. 4123.60, benefits accrued to her husband prior to his death for a different injury, *viz.*, lumbosacral sprain, which did not cause his death.

It must be remembered appellant has sought a writ of mandamus to compel the Industrial Commission to make the award. It is well-settled that mandamus is an extraordinary legal remedy which should be granted to enforce only clear legal rights. See, *e.g., State, ex rel. Long,* v. *Bettman* (1970), 24 Ohio St. 2d 16 [53 O.O.2d 9]. Furthermore, only such duties as are specifically mandated by law may be enforced by mandamus. See, *e.g., State, ex rel. Cleveland Municipal Court,* v. *Cleveland City Council* (1973), 34 Ohio St. 2d 120 [63 O.O.2d 199]. Inasmuch as appellant has no clear legal right to the benefits she claims, and appellee has no clear legal duty to award the benefits, a writ of mandamus is improper in this case. I would, therefore, affirm the judgment of the court of appeals.