LaCavera, Appellee, *v.* Cleveland Electric Illuminating Company et al., Appellants.

(No. 46952—Decided March 26, 1984.)

*Mr. Charles S. Tricarichi,* for appellee.

*Mr. B. Casey Yim* and *Ms. Helen Kryshtalowych,* for appellants.

Parrino, P.J. Appellant Cleveland Electric Illuminating Company (CEI) appeals the decision of the Court of Common Pleas of Cuyahoga County which granted benefits under R.C. 4123.57(C) to Elaine LaCavera, the widow of Reginald LaCavera.

Reginald LaCavera was employed by CEI on August 1, 1981 when, during the course of his employment, he suffered an accident which caused electrical burns and further caused him to fall approximately thirty-five feet. He had second and third degree burns over sixty to seventy percent of his body and was immediately hospitalized. A claim was filed for benefits under the Workers' Compensation Act on August 10, 1981. On August 13, 1981 his leg was amputated and he died on August 15, 1981. A claim for death benefits was filed August 17, 1981.

On November 11, 1981 LaCavera's widow, Elaine LaCavera, the appellee herein, filed a claim for allowable benefits for the amputation of the decedent's leg pursuant to R.C. 4123.57 (C). Had decedent survived, he would have been entitled to two hundred weeks of workers' compensation for the amputation of his leg. Benefits were denied by the hearing officer February 9, 1982; that decision was affirmed by the regional board of review April 26, 1982 and on June 24, 1982 the Industrial Commission refused further appeal. Pursuant to R.C. 4123.519 widow-appellee timely filed her notice of appeal and complaint with the trial court. The trial court entered judgment in favor of appellee and CEI filed timely notice of appeal. The appeal raises three issues for our review.

## I

"The common pleas court lacked jurisdiction under O.R.C. § 4123.519 over widow-claimant's appeal from a decision of the industrial commission involving the extent of decedent's disability."

This assignment of error is not well-taken.

Appellant argues that since decedent's claim for benefits for "injuries to his entire body had been certified and recognized," any further claim for another specific injury arising out of the same accident would be an "extent of disability" question. Under R.C. 4123.519 "extent of disability" disputes are not appealable to the common pleas court. In the instant case, however, the widow's claim was a separate and distinct injury to decedent, i.e., the loss of a limb, which was specifically compensable under R.C. 4123.57(C).

The syllabus of *Zavatsky* v. *Stringer* (1978), 56 Ohio St. 2d 386 [10 O.O.3d 503], states:

"1. An order of the Industrial Commission, which either denies or allows a claimant the right to participate in the Workers' Compensation Fund for injury to a specific part or parts of the body involving loss or impairment of bodily functions on the basis that such was or was not the result of a compensable injury, is a decision other than one as to the extent of disability and, thus, pursuant to R.C. 4123.519, may be appealed to the Court of Common Pleas by the claimant in the event of such a denial, or by the employer in the event of such an allowance.

"2. A determination of 'extent of disability' under R.C. 4123.519 presupposes that claimant has been allowed the 'right to participate' in the Workers' Compensation Fund for injury to a specific part or parts of the body involving the loss or impairment of bodily functions. The decision of the Industrial Commission as to 'extent of disability' constitutes a determination of the basis for the computation of the compensation or benefits payable under the provisions of the workers' compensation law for those losses or impairments of bodily functions allowed as compensable injuries.

"3. The right of either the claimant or the employer to appeal to the Court of Common Pleas from a decision of the Industrial Commission which is 'other than a decision as to the extent of disability' is not affected by the fact that the claimant is receiving or will receive compensation or benefits for allowed injuries involving losses or impairments of bodily functions other than those which are the subject of the appeal. Such right of appeal may be exercised by either the claimant or the employer, regardless of whether the decision granting or denying the right to so participate is a part of the same order or is part of a prior order which also grants or denies a right to participate for other injuries involving loss or impairment of other bodily functions."

The facts of this case indicate a claim for the "right to participate" in the fund for a specific injury (the loss of a member by severance), rather than the extent of disability and is therefore appealable.

Further, appellee's claim to the trial court questioned whether the statutory scheme set forth in R.C. 4123.57(C) which distinguished between surviving families of deceased workers was constitutional. As stated by this court in *Rose* v. *Conner* (Oct. 28, 1982), Cuyahoga App. No. 44988, unreported, "matters involving the jurisdiction of the Industrial Commission to make an award, or the constitutionality of a statute governing this area, are appealable to court." The instant cause was properly before the trial court. The first assignment of error is overruled.

## II

Appellant's second assignment of error states:

"The common pleas court erred in finding that appellee is entitled to recover for the loss of her deceased husband's leg under O.R.C. § 4123.57(C)."

R.C. 4123.57(C) provides for benefits due to loss of a member. The benefit is akin to a personal injury award and is payable for a set number of weeks depending upon which member is lost. A loss of a leg entitles the worker to benefits for two hundred weeks. Division (C) further provides:

"When an award under this division has been made prior to the death of an employee *from a cause other than the injury or occupational disease on which the award is based,* all unpaid installments accrued or to accrue under the provisions of the award shall be payable to the surviving spouse, or if there is no surviving spouse, to the dependent children of such employee and if there are no such children, then to such dependents as the commission may determine.

"When an employee has sustained the loss of a member by severance, but no award has been made on account thereof prior *to his death from a cause other than the injury or· occupational disease which caused such severance,* the commission shall make an award in accordance with this division for such loss which shall be payable to the surviving spouse, or if there is no surviving spouse, to the dependent children of such employee and if there be no such children, then to such dependents as the commission may determine." (Emphasis added.)

At the trial court appellee successfully argued that *State, ex rel. Nyitray,* v. *Indus. Comm.* (1983), 2 Ohio St. 3d 173, was applicable to the case at bar, which would invalidate that portion of the statute which distinguished between surviving families of workers who died from industrial-related causes and surviving families of workers who died from other causes. The syllabus of *Nyitray* provides:

"That portion of R.C. 4123.60 which in effect denies accrued but unpaid workers' compensation to dependents of workers who died from work-related causes, while compensating dependents of workers who died from causes other than a compensable injury or occupational disease, violates the Equal Protection Clauses of the Ohio and United States Constitutions."

We hold that the trial court properly applied *Nyitray* to the instant case.

As noted above, R.C. 4123.57(C) provides that the surviving spouse or appropriate dependents are entitled to all unpaid accrued and unaccrued benefits arising under that division where the employee died from a cause other than the injury or occupational disease upon which the award was based. The Supreme Court in *Nyitray* held that the distinction between families of workers who died from the industrial accident which injured the worker and the families of workers who died from other causes was impermissible discrimination upon which to differentiate the payment of accrued benefits under R.C. 4123.60. R.C. 4123.60 only provides for the award of accrued benefits and specifically limits any award after the death of the worker to "an amount, not exceeding the compensation which the decedent might have received, but for his death, for the period prior to the date of his death * * *."[1] R.C. 4123.57(C)

---

[1] The pertinent part of R.C. 4123.60 reads:

"* * * *If the decedent would have been lawfully entitled to have made application for an award* at the time of his death the commission may, after satisfactory proof to warrant an award and payment, award and *pay an amount, not exceeding the compensation which the decedent might have received, but for his death, for the period prior to the date*

does not limit an award after death to benefits so accrued, but it does attempt to limit the award to families of workers who died from causes other than those which injured the worker.

We hold that the distinction between the two types of families is equally impermissible under R.C. 4123.57(C) and that the families of workers who died from industrial accidents are entitled to the full range of payments provided for under the division. The General Assembly made a decision to permit the families of certain deceased workers to obtain payment of accrued and unaccrued benefits. The only reason to maintain a distinction between the two types of surviving families is to reduce the cost to the Workers' Compensation Fund. As stated by the Supreme Court in *Nyitray* at 177: "[C]onserving funds is not a viable basis for denying compensation to those entitled to it."

That portion of R.C. 4123.57(C) which distinguishes between the dependents of workers who died from work-related injuries or occupational disease and those of workers who died from causes other than compensable injuries or disease for the payment of unaccrued and accrued benefits for a loss of member violates the Equal Protection Clauses of the Ohio and the United States Constitutions.

Accordingly, appellee was entitled to loss of leg benefits under the statute. The second assignment of error is overruled.

### III

Appellant's third assignment of error states:

"The common pleas court erred in applying the Ohio Supreme Court's decision in *State, ex rel. Nyitray,* v. *Industrial Commission,* 2 Ohio State 3rd 173 (1983), retroactively."

This assignment of error is without merit.

The Supreme Court in *Peerless Electric Co.* v. *Bowers* (1955), 164 Ohio St. 209, 210 [57 O.O. 411], stated:

"The Board of Tax Appeals was correct in affirming the orders of the Tax Commissioner on authority of the *Fifth Third Union Trust Co. case, supra* [(1954), 161 Ohio St. 169 (53 O.O. 75)]. The equal protection clause of the federal Constitution does not assure uniformity of judicial decisions. The general rule is that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former was bad law, but that it never was the law. The one general exception to this rule is where contractual rights have arisen or vested rights have been acquired under the prior decision. The assessment and payment of a tax does not grow out of a contractual relationship, and there is no showing that any rights have become vested in the appellants under such prior decision."

Rights and obligations under the Workers' Compensation Act arise by statute and are not contractual in nature. Due to the nature of these rights and obligations, retroactive application of *Nyitray* cannot impair contractual obligations. Accordingly, the holding of *Nyitray* is retroactive and was properly applied to the facts of this case.

---

*of his death, to such of the dependents of the decedent,* or for services rendered on account of the last illness or death of such decedent, as the commission determines in accordance with the circumstances in each such case, but such payments may be made only in cases in which application for compensation was made in the manner required by sections 4123.01 to 4123.94 of the Revised Code, during the lifetime of such injured or disabled person, or within one year after the death of such injured or disabled person." (Emphasis added.)

The decision of the trial court is affirmed.

*Judgment affirmed.*

MARKUS, J., concurs.

JACKSON, J., dissents.

MARKUS, J., concurring. I concur with the majority decision because the Supreme Court's ruling in *State, ex rel. Nyitray,* v. *Indus. Comm.* (1983), 2 Ohio St. 3d 173, mandates that result. *Nyitray* allowed a deceased worker's surviving family to recover compensation payable for the deceased worker's temporary disability under R.C. 4123.60, despite clearly contrary statutory language. The Supreme Court's rationale applies with equal force to allow recovery by such survivors of compensation payable for the deceased worker's dismemberment under R.C. 4123.57(C).

In *Nyitray,* the court invalidated a prohibition against the survivors' recovery for temporary disability compensation which was "accrued but unpaid" when the injured worker died. R.C. 4123.60 clearly allows such recovery if the worker died from conditions unrelated to an employment injury. The court reasoned that the statute denied workers' families equal protection when it denied the same recovery if the worker died from those work-related injuries.

The court did not rule that the statute denied equal protection because it excluded recovery for accrued but unpaid compensation. Rather, it ruled in its syllabus that the statute could not deny such recovery to one group of survivors while permitting it to another:

"That portion of R.C. 4123.60 which in effect denies accrued but unpaid workers' compensation to dependents of workers who died from work-related causes, while compensating dependents of workers who died from causes other than a compensable injury or occupational disease, violates the Equal Protection Clauses of the Ohio and United States Constitutions. (*State, ex rel. Spiker,* v. *Indus. Comm.,* 141 Ohio St. 174 [25 O.O. 271], overruled.)"

It necessarily follows that the compensation laws cannot deny recovery for dismemberment by survivors of a worker who died from work-related injuries, while granting the same recovery to survivors of a worker who died from nonwork-related injuries. R.C. 4123.57(C) purports to do just that.

If two men sustained compensable injuries requiring amputations on the same date, and the first died later from that work-related injury while the second died from some other cause, R.C. 4123.57(C) provides disparate remedies. The widow and children of the first worker would be barred from any recovery for his dismemberment, while the widow and children of the second would recover all unpaid compensation for his dismemberment — regardless of the date when either man died. *Nyitray* found that this distinction offends the state and federal Constitutions.

No real distinction exists between unpaid compensation for temporary disability and unpaid dismemberment compensation under R.C. 4123.57(C). Additional compensation accrues for temporary disability when the worker's temporary disability continues or he incurs additional medical expenses. R.C. 4123.56 and 4123.66. Therefore, no further compensation can accrue for a temporary disability or additional medical expense after the worker dies.

By contrast, compensation for dismemberment under R.C. 4123.57(C) is fully determined when the dismemberment occurs. The total compensation payable under R.C. 4123.57(C) is *measured* as a fixed multiple of the worker's "average weekly wage" rate, as defined by the Revised Code. However, the "accrued" compensation is payable by a

lump sum disbursement or by weekly installments as the Industrial Commission deems appropriate. R.C. 4123.64. Thus, the total compensation for dismemberment under R.C. 4123.57(C) is "accrued but unpaid" immediately after the dismemberment occurs. Counsel for the employer acknowledged this fact in appellate argument for this case.

The *Nyitray* holding authorizes recovery by survivors of a worker who died from the same work-related injury for *any compensation described in R.C. 4123.60*. That section concerns posthumous payments for permanent partial disability as well as temporary disability. Like compensation for dismemberment under R.C. 4123.57(C), payments for unscheduled permanent partial disabilities are fixed multiples of the worker's "average weekly wage" rate. R.C. 4123.57(B).

Indeed, compensation for dismemberment is simply a special form of compensation for permanent partial disability. R.C. 4123.57. Both types of compensation are payable in weekly installments or subject to commutation into a single lump sum. R.C. 4123.64. It would be strangely incongruous to allow the disputed survivors recovery for unscheduled permanent partial disabilities while denying them recovery for scheduled permanent partial disabilities.

Those who believe this result imposes an unfair burden on industry apparently contend it is unduly solicitous to surviving widows and children. Their quarrel is not with this decision. Rather, they challenge the Supreme Court's reasoning in *Nyitray*. As an intermediate appellate court, we are bound to apply and enforce the Supreme Court's principles. Just as we cannot ignore legislative directives, we cannot disregard principles adopted by our state's highest court.

JACKSON, J., dissenting. Families of workers who die as the result of industrial injuries are entitled to death benefits under the Workers' Compensation Act. This statute also provides that partial disability benefits cease at the time of a worker's death, if the family is entitled to death benefits. The majority decision in the case at bar holds that the Equal Protection Clauses of the Constitutions of the United States and the state of Ohio require that both death benefits and partial disability benefits are payable to families of workers who die from industrial injuries.

This decision is without support in law. The extension by the majority of the holding of *State, ex rel. Nyitray,* v. *Indus. Comm.* (1983), 2 Ohio St. 3d 173, to unaccrued partial disability benefits creates a significant change in the workers' compensation system, and significantly impacts industrial liability during a most crucial phase of industrial transformation in this nation. Consequently, I respectfully dissent.

The decedent, Reginald LaCavera, was mortally injured in an industrial accident on August 1, 1981. His left leg was amputated below the knee on August 13, 1981. He died from his wounds on August 15, 1981.

Benefits for partial disability such as loss of a limb are payable under R.C. 4123.57. The relevant portions of R.C. 4123.57(C) provide:

"In cases included in the following schedule the compensation payable per week to the employee shall be sixty-six and two-thirds per cent of his average weekly wage * * * and shall continue during the periods provided in the following schedule:

"* * *

"For the loss of a leg, two hundred weeks.

"* * *

"When an employee has sustained the loss of a member by severance, but no award has been made on account thereof prior to his death from a cause other than the injury or occupational

disease which caused such severance, the commission shall make an award in accordance with this division for such loss which shall be payable to the surviving spouse, or if there is no surviving spouse, to the dependent children of such employee and if there be no such children, then to such dependents as the commission may determine."

The Bureau of Workers' Compensation and the Industrial Commission denied the application of the appellee Mrs. LaCavera for benefits allegedly due her husband under R.C. 4123.57(C), presumably for the reason that her husband had died from the same industrial accident which had caused the loss of his left leg. Subsequently, on January 5, 1983, the Ohio Supreme Court decided *State, ex rel. Nyitray,* v. *Indus. Comm., supra,* in which it invalidated an analogous provision in R.C. 4123.60. The syllabus in *Nyitray* is as follows:

"That portion of R.C. 4123.60 which in effect denies *accrued but unpaid* workers' compensation to dependents of workers who died from work-related causes, while compensating dependents of workers who died from causes other than a compensable injury or occupational disease, violates the Equal Protection Clauses of the Ohio and United States Constitutions." (Emphasis added.)

Mrs. LaCavera appealed the adverse administrative decision to the court of common pleas. The court, relying on *Nyitray,* reversed the decision of the Industrial Commission and awarded Mrs. LaCavera benefits relating to the amputation. The majority of this court has affirmed that decision, again relying upon *Nyitray.*

The Ohio Supreme Court held in *Nyitray* that accrued but unpaid benefits must be paid to the surviving dependents of a worker who died from the same industrial accident which caused his period of total disability. The court's opinion applied only to all com-

pensation which the worker was entitled to receive during his lifetime. The court stated, at (2 Ohio St. 3d) 178:

"For these reasons, there is no rational basis for denying dependents of workers who died from work-related injuries or diseases the *compensation the decedent was entitled to during his lifetime.* Clearly, the workers' compensation system is designed to aid workers and their dependents and not intended to penalize victims by denying compensation where due. We hold that the portion of R.C. 4123.60 which in effect denies *accrued but unpaid workers' compensation* to dependents of workers who died from work-related causes, while compensating dependents of workers who died from causes other than a compensable injury or occupational disease, violates the Equal Protection Clauses of the Ohio and United States Constitutions." (Emphasis added.)

This court of appeals is bound to follow precedent established by the Ohio Supreme Court. *Nyitray* indisputably forbids discrimination between families of workers who died from industrial accidents, and families of workers who did not, with respect to payments which accrued prior to the death of the worker. The unfairness of such discrimination is pointed out in the following passage from *Nyitray,* at 177:

"Following the [statutory] scheme * * * could lead to absurd results. For example, the facts may be identical in two situations: two workers were injured to the same extent, in the same accident, and have the same number of dependents, and both workers applied for and had been granted compensation. However, the checks were mailed at different times due to administrative management of the claims. As a result, one worker received and cashed the check before dying while the other, Nyitray here, died before receiving the payment. Clearly, both workers are entitled to compensation for their work-

related injuries, and we can see no rational basis for denying Nyitray's dependents the compensation which he had been granted."

In the case at bar, Mr. LaCavera died two days after his left leg was amputated. Benefits accrued prior to his death for *that two-day period.* Under *Nyitray,* such benefits are payable to the surviving family. It is unnecessary for purposes of this appeal to determine the amount (if any) of accrued benefits payable with respect to this two-day period.

There is no authority requiring payment of *unaccrued* benefits to Mr. LaCavera's surviving spouse. *Nyitray,* both in the syllabus and in the body of the opinion, is limited to forbidding discrimination in the payment of benefits which accrued prior to the worker's death. This is because the statute under consideration in that case, R.C. 4123.60,[2] only allows dependents to collect benefits which accrued prior to the death of the worker, in contrast to R.C. 4123.57(C), which allows dependents to collect benefits which have *accrued and which will accrue.*

Payments for amputation which accrue *following* the worker's death are payable to the family of the decedent if the decedent died from a cause other than the accident which led to the amputation. If the worker's death resulted from the industrial accident, the surviving spouse is not entitled to benefits for the amputation under R.C. 4123.57(C), but he/she is entitled to death benefits under R.C. 4123.59.

The Supreme Court rejected the position of the dissenting opinion in *Nyitray,* that availability of death benefits to families of workers killed by an industrial accident justified with-

holding from such families other benefits which accrued *prior* to decedent's death. The Supreme Court suggested that if the dissenting position prevailed, accrued benefits could be denied for such arbitrary reasons as a delay by the state or a self-insured employer in not issuing a check until the worker's death, or because the check, though issued, had been lost in the mail. The Supreme Court determined that denial of benefits for such reasons would be a violation of equal protection.

Arbitrary factors such as these, however, are not present with respect to benefits which accrue *following* the worker's death. Furthermore, to require payment of unaccrued benefits to surviving dependents in all cases would lead to results clearly inconsistent with the intent of the Workers' Compensation Act. In a single accident, two workers might be mortally wounded. One suffers the loss of one eye and the amputation of a leg and an arm; the other does not. Without regaining consciousness, both die one hour after the accident, from their wounds. I find no support in the Act, nor does the Equal Protection Clause require, that the dependents of one of the workers receive both death benefits under R.C. 4123.59 and an award of five hundred fifty weeks (more than ten years) of workers' compensation benefits under R.C. 4123.57(C), while the dependents of the other worker receive only death benefits.

The decision of the majority goes far beyond the decision of the Supreme Court in *Nyitray.* The majority extends to families of deceased workers continuing eligibility for unaccrued benefits which would otherwise terminate at the time of the worker's death. This decision will directly increase the workers' compensation taxes paid by employers, and will indirectly increase the cost of goods and services and reduce the level of employee's compensation in Ohio in

---

[2] See Appendix attached.

order to pay for the extended benefits mandated by the majority.

The *Nyitray* decision requires only that the families of deceased workers be treated equally with respect to benefits which have accrued prior to the worker's death. Neither *Nyitray* nor reason and logic require the payment of both partial disability benefits and death benefits to families of workers who have died from industrial injuries.

It is not the prerogative of the court to employ the Constitution to strike down or modify laws with which they disagree. Statutory classifications are valid under the Equal Protection Clause so long as they do not infringe on fundamental rights, create no suspect classifications, and have a rational basis. *San Antonio School District* v. *Rodriquez* (1973), 411 U.S. 1. Broad discretion is granted to the legislature in making classifications relating to eligibility for governmental benefits where there is a reasonable basis for the classification. *Dandridge* v. *Williams* (1970), 397 U.S. 471. The classification created by the General Assembly between families of persons who die from industrial accidents and those who do not, has a reasonable basis in that the former are eligible for death benefits and the latter are not. In my considered opinion the effect of the majority decision is to usurp the legislative function by striking down that classification, and extending partial disability benefits to families of all deceased workers.

Accordingly, I would reverse the decision of the trial court and remand for further proceedings.

APPENDIX

R.C. 4123.60 provides, in relevant part:

"In all cases of death from causes other than the injury or occupational disease for which award had theretofore been made on account of temporary, or permanent partial, or total disability, in which there remains an unpaid balance, representing payments accrued and due to the decedent at the time of his death, the commission may, after satisfactory proof has been made warranting such action, award or pay any unpaid balance of such award to such of the dependents of the decedent, or for services rendered on account of the last illness or death of such decedent, as the commission determines in accordance with the circumstances in each such case. If the decedent would have been lawfully entitled to have made application for an award at the time of his death the commission may, after satisfactory proof to warrant an award and payment, award and pay an amount, not exceeding the compensation which the decedent might have received, but for his death, for the period prior to the date of his death, to such of the dependents of the decedent, or for services rendered on account of the last illness or death of such decedent, as the commission determines in accordance with the circumstances in each such case, but such payments may be made only in cases in which application for compensation was made in the manner required by sections 4123.01 to 4123.94 of the Revised Code, during the lifetime of such injured or disabled person, or within one year after the death of such injured or disabled person."