[This opinion has been published in *Ohio Official Reports* at 73 Ohio St.3d 202.]

THE STATE EX REL. SCOTT, APPELLANT, *v*. BUREAU OF WORKERS' COMPENSATION ET AL., APPELLEES.

[Cite as *State ex rel. Scott v. Ohio Bur. of Workers' Comp*., 1995-Ohio-132.]

*Workers' compensation—Claim for scheduled-loss award—Former R.C. 4123.57(C)—Claim barred by statute of limitations—Former R.C. 4123.60.*

(No. 94-263—Submitted May 23, 1995—Decided August 16, 1995.)

APPEAL from the Court of Appeals for Franklin County, No. 92AP-1743.

————————————

{¶ 1} Decedent, Teddy R. Scott, had both legs severed in a 1977 industrial accident while employed at American Colloid Company. He survived the accident, but died en route to the hospital. A violation of a specific safety requirement was found, and a death claim was also allowed by appellee Industrial Commission of Ohio.

{¶ 2} In 1991, decedent's widow, appellant, Joy M. Scott, filed an "application for payment of compensation accrued at time of death," alleging that, had decedent lived, he would have qualified for R.C. 4123.57(C) (now 4123.57[B]) benefits for his amputated limbs. A district hearing officer ordered compensation to be paid, and that order was not appealed. Prior to payment on the order, however, the commission exercised its continuing jurisdiction and vacated the district hearing officer's order, finding that appellant's application was barred by former R.C. 4123.60's one-year statute of limitations.

{¶ 3} Appellant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying compensation. The appellate court denied the writ.

{¶ 4} This cause is now before this court upon an appeal as of right.

————————————

*Timothy G. Chasser* and *James T. Sullivan*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Yolanda L. Barnes*, Assistant Attorney General, for appellees Bureau of Workers' Compensation and Industrial Commission.

_____

***Per Curiam.***

**{¶ 5}** Appellant seeks a scheduled-loss award under former R.C. 4123.57(C). The commission held, and the court of appeals concurred, that former R.C. 4123.60's statute of limitations barred the award. We agree.

**{¶ 6}** Former R.C. 4123.60 read:

"In all cases of death from causes other than the injury or occupational disease for which award had theretofore been made on account of temporary, or permanent partial, or total disability, in which there remains an unpaid balance, representing payments accrued and due the decedent at the time of his death, the commission may * * * award or pay any unpaid balance of such award to such of the dependents of the decedent * * * . If decedent would have been lawfully entitled to have made application for an award at the time of his death, the commission may * * * award and pay an amount, not exceeding the compensation which the decedent might have received, but for his death, for the period prior to the date of his death, to such of the dependents of the decedent, * * * but such payments may only be made in cases in which application for compensation was made * * * within one year after the death of such injured or disabled person."

**{¶ 7}** No application for paragraph (C) compensation was made until fourteen years after decedent died. Appellant responds that to have filed within a year of death would have been futile, since the law, at that time, did not permit payment of accrued compensation to survivors of those killed in industrial accidents.

**{¶ 8}** Appellant accurately restates past law. *State ex rel. Spiker v. Indus. Comm.* (1943), 141 Ohio St.174, 25 O.O. 271, 47 N.E.2d 217, citing the introductory language to R.C. 4123.60's predecessor statute, held that industrially induced death barred survivors from receiving accrued benefits. Spiker controlled until 1983 when *State ex rel. Nyitray v. Indus. Comm.* (1983), 2 Ohio St.3d 173, 2 OBR 715, 443 N.E.2d 962, ruled that keying eligibility for accrued compensation to the cause of death offended equal protection of the laws.

**{¶ 9}** The lengthy period between *Spiker* and *Nyitray* may be unfortunate, but the fact remains that appellant has no right to accrued compensation, absent R.C. 4123.60. Because she must rely on that statute to establish an entitlement, she must abide by it in its entirety, including its limitation-of-actions period. Appellant cannot selectively designate the passages that she wishes to see enforced and ignore the rest.

**{¶ 10}** Accordingly, we find that R.C. 4123.60's one-year statute of limitations controls. Perhaps anticipating this result, claimant alternatively argues that medical documents submitted soon after decedent's death notified the commission that had decedent survived, he would have qualified for R.C. 4123.57(C) benefits and, therefore, this submission tolled the statute of limitations. We find otherwise. Appellant's documents could not have served as timely notification of an exercise of her right to accrued compensation, since appellant had no such right to exercise.

**{¶ 11}** Appellant also attacks the commission's exercise of continuing jurisdiction. We find this challenge to be meritless. *State ex rel. Manns v. Indus. Comm.* (1988), 39 Ohio St.3d 188, 529 N.E.2d 1379, approves the commission's exercise of continuing jurisdiction in situations where a subordinate hearing officer has erred. *State ex rel. B & C Machine Co. v. Indus. Comm.* (1992), 65 Ohio St.3d 538, 605 N.E.2d 372, also authorizes continuing jurisdiction where a prior order

contains a mistake of law. Because such a mistake existed, the commission's intervention was proper.

{¶ 12} Having found appellant's application to be statutorily barred, we find it unnecessary to address the commission's laches argument.

{¶ 13} For the reasons stated above, we hereby affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

_____